The opinion of the court was delivered by
Green, C. J.
The bill in this cause was filed to foreclose a mortgage given by James Clark and wife to Simon Brolasky, the complainant. A decree pro eonfesso was taken against Clark and wife, no appearance having been entered, or answer filed by them. Miller and Ware, the other defendants, answered. By the pleadings, it appears that Miller and Ware hold a mortgage upon the premises subsequent to the complainant’s mortgage. It also appears that the interest of Clark in the mortgaged premises, was sold at sheriff’s sale, by virtue of executions at law issued upon *808 judgments recovered against him subsequent to the registry of the mortgages, and that Miller and Ware became the purchasers. They claim title, therefore, to the premises, as mortgagees, and also as purchasers of the equity of redemption. By their answer, they set up usury as a defence to the complainant’s mortgage, and call Clark, the mortgagor, as a witness to sustain the allegations of the answer. The Chancellor sustained the defence, and by his decree dismissed the bill. From that decree the complainant appealed.
Three questions are involved in the decision of the appeal, all of which have been discussed upon the argument, viz.:
First. Can the defence of usury be set up by Miller and Ware, Clark, the mortgagor, not availing himself of that defence, but suffering a decree pro confesso to be entered against him ?
Second. Is the mortgagor a competent witness to prove the usury ?
Third. Is the usury proved with sufficient certainty to warrant the court in founding a decree upon it ?
The question whether the plea of usury is personal and peculiar to the mortgagor, or whether it may be set up as a defence to a mortgage by a subsequent mortgagee, or by a purchaser of the equity of redemption, has at various times undergone consideration in th'e courts of this state, and it may be well briefly to trace its history.
In Ward v. Plume, the bill was filed to foreclose a mortgage given by Cyrenius Beach and wife to the complainant, bearing date in 1811. In 1814, Beach and wife executed a second mortgage upon the same premises, to Anne Plume. The second mortgage had been foreclosed without making Ward, the first mortgagee, a party to the bill. The mortgaged premises had been sold by virtue of that decree, and Plume had become the purchaser. A bill being filed by Ward, the first mortgagee, to foreclose his mortgage, Plume, the purchaser at the sheriff’s sale, set up usury as a defence. Exceptions were filed to the answer, and" the master to whom the exceptions were referred, reported in favor of the mortgage. Upon exceptions filed in the report, the Chancellor *809 (Williamson) overruled the exceptions. In concluding his opinion, the Chancellor said: “It is on the authority of De Wolf v. Johnson and others, that I decide against the exceptions to the master’s report, and which case, it appears to me, must govern the present.” An appeal having been taken from this decree, at November Term, 1830, the decree was unanimously affirmed by the Court of Appeals; Vroom, Chancellor, delivering the opinion of the court. In this opinion, too, much stress is laid upon the authority óf De Wolf v. Johnson, decided by the Supreme Court of the United States. “ The court,” says the Chancellor, “ are supported in their opinion by the case last cited from Wheaton. This learned and dignified tribunal there, on the same question, and in a matter directly in issue before them, held it to be perfectly established that the plea of usury, at least as far as to landed security, is personal and peculiar, and that a third person having an interest in the land cannot take advantage of the usury.”
The case of De Wolf v. Johnson was decided by the Supreme Court of the United States, at February Term, 1825. 10 Wheat. 367. In that case, Prentiss having executed a mortgage to De Wolf to secure the payment of sixty-two thousand dollars, conveyed the mortgaged premises to William T. Barry, in trust, subject to the mortgage debt. Barry sold the premises at auction to I. Johnson and R. M. Johnson, subject to the encumbrance of any previous mortgage, and particularly the mortgage of De Wolf. Prentiss, the mortgagor, Barry, the trustee, and the Johnsons who purchased the equity of redemption, were all made defendants to the bill of foreclosure. Prentiss, the mortgagor, filed no answer, but suffered a decree pro oonfesso. Barry and Johnson set up the defence of usury. Mr. Justice Johnson, in delivering the opinion of the court, said: “It is perfectly established that the plea of usury, at least so far as to landed security, is personal and peculiar, and however a third person having an interest in the land may be affected incidentally by a usurious contract, he cannot take advantage of the usury.” And again, he said: “ Had the Johnsons pur *810 chased from Prentiss in the most absolute and general manner, and altogether without notice, actual or constructive, they still could have acquired no more than the equity of redemption, and that would not have transferred to them the right of availing themselves of the plea of usury.” This authority, clear and express, emanating from the highest judicial tribunal known to our law, and uttering the unanimous opinion of the court, naturally and properly controlled the views of our state courts. The Chancellor manifestly, and it would seem from his opinion, with some hesitation, deferred to its authority. Had the federal court adhered to its opinion, expressed in De Wolf v. Johnson, it is not probable that the question would speedily have been re-opened in the courts of our own state. But in January, 1830, five years after the decision in De Wolf v. Johnson, the question again came before the United States Supreme Court, in the case of Lloyd v. Scott, 4 Peters 205. In that case, the plaintiff brought an action of replevin to recover certain goods seized by the defendant as a distress for the rent of certain houses and lots owned by the-plaintiff in Alexandria. The defendant avowed the taking as bailiff of the owner of certain ground-rents charged on the plaintiff’s land by virtue of a deed for that purpose made prior to the conveyance of the land to the plaintiff. The defence was that the deed under which the ground-rent was claimed was void, as founded on a usurious contract, and the question was whether the purchaser of land, subject to a ground-rent, could set up against the claim for rent, usury in a contract made by a former owner of the land. The court held that the defence might be set up by the purchaser. They further held that the questión whether the purchaser of an equity of redemption can show usury in a mortgage to defeat a foreclosure was not involved in the case of De Wolf v. Johnson, and they virtually overturned the prior decision upon that point. The decision in Lloyd v. Scott was made a short time prior to the decision by the Court of Appeals of Ward v. Plume, but the case was not referred to by the court, or by counsel, upon *811 the argument, and it probably escaped the attention of the Chancellor.
In 1833, the question was again brought before the Court of Chancery of this state, in the case of Sears v. Roberts and Ogden. The bill was filed to foreclose a mortgage given by Roberts to Sears. Roberts subsequently conveyed to Ogden, taking a mortgage on the premises for a part of the purchase money. The Chancellor (Seeley) held that upon the evidence the mortgage was not usurious, expressing no opinion upon the right of the purchaser to avail himself of the defence. From this decree Roberts and Ogden appealed. The Court of Appeals reversed the decree of the Chancellor, by a vote of ten to four, the then Chancellor (Vroom) voting for reversal, and decreed the mortgage void for usury. The question whether the purchaser of the equity of redemption could avail himself of the usury as a defence to the mortgage was fully discussed, and the authority of Lloyd v. Scott relied upon by counsel in argument, as virtually overturning the authority of De Wolf v. Johnson, and also of Ward v. Plume. In this case, Roberts, the mortgagor, after conveying the premises to Ogden, took a mortgage thereon from his vendee. He was, therefore, made a party to the bill, and joined in the defence of usury. Whether this fact operated upon the mind of the court, or whether they desired directly to overturn the case of Ward v. Plume does not appear, as , no opinion was delivered. The late Chancellor, (Halsted) who was counsel for Sears, understood the decision of the Court of Appeals in that case as establishing the principle that the purchaser of the equity of redemption may set up usury as a defence to a mortgage given by his vendor. In the recent case of Cummins v. Wire, 2 Holst. Chan. R. 88, he adopted the principle, as res adjudietata, upon the authority of Sears v. Ogden.
It is insisted, however, that the question is still an open one in this state, and the courts are called on to decide it in accordance with sound principle. The statute declares that all mortgages upon which usurious interest is reserved or taken, “ shall be utterly void.” It would seem, at first view, *812 that a contract which the statute pronounces utterly void, cannot be available for any purpose, either against the party injured or against any other person whatever.
But it is a settled rule of law, that where a statute makes void any legal solemnities, the construction of the law is, not that the contracts shall be deemed perfect nullities, but that they are voidable by the parties prejudiced by such contracts. 5 Coke 119, Whelpdale’s Case; Buller’s N. P. 224.
In Carter v. Claycole, 1 Leonard 306, (32 and 33 Eliz.) the plaintiff, in an action of ejectment, claiming title to the premises, by virtue of a lease from the Wardens and Fellows of All Soul College’s, the jury, by a special verdict, found that the lease was made to the plaintiff, but it was not found that any rent was reserved thereupon. The statute 13 Eliz., Cap. 10, (then in force,) declared that all leases made by the master and fellows of any college, of any houses or lands belonging to the body corporate, other than for twenty-one years, whereupon the accustomed yearly rent, or more, shall be reserved, payable yearly during the term, shall be utterly void and of none effect, to all intents, constructions, and purposes. But all the justices agreed that such lease was not void as against the grantors, but against those only wlm were designed to be protected by the statute. That the lease was not void, but voidable, and to be avoided by the college or any other who claim, by it. And in that case, Mr. Justice Perriam, by way of illustration, as if stating an undoubted principle, said : “ A mortgages lands to B, upon a usurious contract for one hundred pounds, and before the day of payment, B, the mortgagee, is ousted by C, against whom B brings an action. C cannot plead the statute of usury, for he hath no title. For his estate is void against the mortgagor.”
The principle of the ancient authorities upon this point is simply this, that although the statute declares a mortgage founded on a usurious contract utterly void, it nevertheless is voidable only by the mortgagor or those claiming under him and vested with his rights. It cannot be avoided by a stranger or a mere disseizor. This principle remains un *813 shaken at the present day, and to it nearly all the authorities, however apparently conflicting, in reality conform. It is, in fact, the touchstone by which every decision upon this subject may be tested, and its soundness determined. It results that not only the mortgagor may avail himself of the defence of usury, but that a subsequent mortgagee or grantee of the estate mortgaged, who is seized of the estate and vested with the rights of the mortgagor in the land, may in like manner avail himself of the same defence, and for the •same reason the purchaser of the mortgaged premises at a sheriff’s sale, under a subsequent mortgage, or upon an execution at law may also avail himself of the defence. He is possessed of all the rights of the mortgagor, and upon the same principle the mortgagor may divest his grantee of the right to avoid the mortgage for usury. Ho may himself waive his right of defence. He may convey the land in express terms, subject to the usurious mortgage, and in such case the purchaser does not stand quoad, hoc in the shoes of the mortgagor.
Thus in De Wolf v. Johnson, Prentiss, the mortgagor, conveyed to Barry, and Barry sold to Johnson, with an express recognition of the mortgage of Prentiss. The grantee, in fact, by the express terms of the grant, took title, only subject to that mortgage. The mortgagor recognized the validity of the mortgage, waived his right to avail himself of the defence of usury, and avoided a transfer of that right to the grantee. The decision of the court upon the facts of the ease was right, and in conformity with sound principle. The error consisted in a misstatement of the true ground of the decision.
So in Green v. Kemp, 13 Mass. 515, the morfgagor had released and quit-claimed to Kemp (the tenant) all the right in equity of redeeming which he had in the premises. There was but the one mortgage upon the premises. It was held shat a usurious mortgage is void only as against the mortgagor and those who may lawfully hold the estate under him. A purchaser of the mere equity of redemption cannot avoid ihe mortgage by plea or proof of usury.
*814 The more recent American eases, both at law and in equity, recognize and adopt the principle of the ancient authorities-A mere stranger cannot set up usury in avoidance of a mortgage to which he is neither party nor privy. Nor can the purchaser of a mere equity of redemption in premises covered by a usurious mortgage, who purchases subject to the lien of such mortgage, set up usury as a defence to the encumbrance., But the defence of usury in a mortgage may be set up by any one claiming under the mortgagor and in privity with him. Trench v. Shotwell, 5 John. C. R. 555; Pearsall v. Kingsland, 3 Edwards 195; Post v. Dart, 8 Paige 640; Shufelt v. Shufelt, 9 Paige 137, Dix v. Van Wyck, 2 Hill 522; Morris v. Floyd, 5 Barbour 130; *Brooks v. Avery, 4 Comstock 225.
Conceding the principle that a usurious mortgage may only be avoided at the instance or for .the benefit of the mortgagor, it is obvious, in order to carry out the principle, that it must be voidable also at the instance of his alienee. Otherwise the usurious mortgage must operate to the prejudice of the mortgagor, and constitute a valid encumbrance on the land, inasmuch as he is virtually disabled from conveying except subject to the mortgage. So if the land subject to a usurious mortgage bo sold at sheriff’s sale, the usurious mortgage necessarily operates to the prejudice of the mortgagor, unless the purchaser may avoid the encumbrance.
Upon principle, as well as. upon authority, Miller and Ware may set up usury as a defence to the mortgage given by Clark to the complainant. Nor can the acts of Clark, in assenting to a decree pro eonfesso upon the mortgage, in declining to' set up the defence, or even in an express recognition of the usurious mortgage as valid, after his title in the-mortgaged premises had been divested and vested in others, affect the rights of his alienees.
Second. Clark, the witness, had no interest, at the time of his examination, in the mortgaged premises. The equity of redemption had been sold by the sheriff; no decree of foreclosure was necessary as against him, nor could any decree *815 be made against him for costs. The decree against the mortgage, procured by his testimony, could not avail him in an action upon the bond. As between the complainants and the subsequent encumbrances, he stood indifferent. He was, therefore, a competent witness. Cummins v. Wire, 2 Halst Ch. R. 88; Post v. Dart, 2 Paige 640.
Third. Upon the third point I concur in reversing the decree, upon the ground that the charge of usury is not satisfactorily made out by the evidence.
Cited in Dolman v. Cook, 1 McCar. 63; Andrews v. Steele, 7 C. E. Gr. 479; Conover v. Hobart, 9 C. E. Gr. 124; Warwick v. Marlatt, 10 C. E. Gr. 192; Westerfield v. Bried, 11 C. E. Gr. 358; Warwick v. Dawes, 11 C. E. Gr. 552.

See also Sands v. Church, 2 Selden 347.