JONES and wife, appellants, and TRUSDELL, respondent.

1. A promise to extend the time of the payment of a mortgage, such promise being in consideration of a note given for a usurious premium, is void.

2. A mortgage being due, the mortgagor, in consideration of a note in the sum of $500 given by the mortgagee, promised to give time for the payment of the principal debt. *Held*, that such promise was not binding, and that the mortgage could be foreclosed before the expiration of such extension.

The bill is filed to foreclose a mortgage dated April 1st, 1869, made by Henry A. Jones and wife to Samuel A. Meeker, one of the defendants, for $14,000, payable on the 1st of April, 1871. About the time the mortgage fell due, a parol agreement was made between Meeker and Jones for the extension of the time of payment of the principal. It was agreed that the principal should not be payable till April 1st, 1872; and as the consideration therefor, Meeker took from Jones his note, dated April 3d, 1871, for $500, payable in fifteen months. On or about the 22d of the following July, Meeker assigned the mortgage to Trusdell, the complainant, who had no notice of the agreement, and took the mortgage as then due and payable. To his present bill, Jones and wife have answered, alleging the above agreement, and insisting that by virtue of it the mortgage debt is not yet due. This was an appeal from a decree in favor of the complainant, made in pursuance of an opinion of the Vice-Chancellor, reported *ante p.* 122.

*Mr. Cumming* and *Mr. Hill*, for appellants.

*Mr. McCarter*, for respondent.

The opinion of the court was delivered by

THE CHIEF JUSTICE.

This was a foreclosure bill on an assigned mortgage, and the defence insisted on is, that at the time of such assignment the mortgagee had agreed to extend the time of payment, and that such time had not elapsed when the suit was commenced. That such an agreement, if valid, would attach to the mortgage and follow it into the hands of the assignee, is a principle too well settled to need consideration. The single question in the case is the one embraced in the argument of counsel, viz. whether the contract for further forbearance was legal.

The fact of the existence of a contract to the effect claimed was not denied on the side of the complainant; but the

argument in his behalf went upon the ground that such contract was invalid for want of a consideration to support it. The point of this objection was that such consideration was tainted with usury. The evidence is clear as to the existence of such taint. The mortgagor gave his note in the amount of $500, in consideration of the promise to extend. At the time the mortgage was assigned, and when the bill was exhibited, the note was not mature, and was still in the hands of the mortgagee. It is obvious that if this $500 had been paid in cash while the mortgage remained the property of the mortgagee, by force of the supplement to the act against usury, approved April 12th, 1864, as construed in the case of *Nightingale* v. *Meginnis*, 5 *Vroom* 461, it could not have formed any ground on which a promise could rest, as its legal effect would have been to pass as a payment in extinguishment, in part, of the debt then due. But in point of fact no money was paid, and the agreement for further forbearance had no basis except a promise to pay, in the future, a specified bonus. It is clear that the promise to pay this premium was void by virtue of the statute entitled "An act against usury," *Nix. Dig.* 437. No part of the money embraced in the note given for $500 would have been recovered. No suit would have lain upon it. It could not, consequently, constitute a legal consideration for a promise.

But it was argued, in obviation of this objection, that the complainant who represents in this matter the mortgagee, could not set up this defence, and the ground of the reasoning was, that it was the privilege of the borrower alone to take advantage of the usurious taint of the contract. In support of this the case of *Billington* v. *Wagoner*, 33 *N. Y. Rep.* 31 was cited. That judgment was rendered by a divided court, and I am by no means prepared to concur in the result reached by the majority of the judges. I think the true rule of law upon the subject is, that the court will not help either party to enforce a usurious contract while it remains executory. The statute declares it void absolutely, and without regard to the fact whether the usury is shown by the bor-

Jones *v.* Trusdell.

rower or the lender. After the contract is executed, the law leaves the parties in the attitude in which they have placed themselves. But even the case cited will not support the theory of the defence in the present instance, for that decision is rested on the distinction that while an executory promise to pay usury will not uphold a contract for the forbearance of a debt, an actual payment of such usury will be legally effective for that purpose. It is clear, therefore, that even this rule of judgment is adverse to the defence now interposed.

From these considerations, I conclude that the giving of the usurious note in question cannot be set up by the defendant as a consideration of the promise to extend the time of the payment of the debt, and that, on this ground, there was nothing to prevent the immediate foreclosure of the mortgage in question.

Whether the subsequent payment of this note to the mortgagee after he had assigned the mortgage could in anywise affect the rights of the complainant, being his assignee, has not been considered by this court, as no such question was mooted on the argument.

The decree of the Vice-Chancellor should be affirmed, with costs.

For affirmance—BEASLEY, C. J., BEDLE, CLEMENT, DALRIMPLE, DEPUE, OGDEN, OLDEN, SCUDDER, VAN SYCKEL, WOODHULL. 10.

For reversal—NONE.