### FRAZEE LEE and DANIEL H. LEE

*v.*

### ELIZABETH W. STIGER.

1. A material and controlling fact averred in the bill, and not denied or alluded to in the answer, must be taken as admitted.

2. A purchaser of an equity of redemption in lands covered by a usurious mortgage, who purchases subject to the lien of the mortgage, will not be allowed to set up usury against such mortgage.

3. The same rule applies to a purchaser at a judicial sale, when it appears that he purchased with an understanding that he should take the property subject to a prior usurious mortgage.

---

On final hearing on bill, answers and proofs.

*Mr. J. Henry Stone,* for complainants.

*Mr. John H. Jackson,* for defendant.

THE VICE-CHANCELLOR.

The case presents a single question: Can the defendant be heard in support of the defence she seeks to make? Her

Lee v. Stiger.

defence is usury. The bill alleges that the mortgaged premises were conveyed to her on the 2d day of October, 1875, by deed, in which it was stipulated that she should accept them subject to the encumbrances thereon. They were then subject to the mortgage in suit. She is not the mortgagor, nor does she defend in virtue of his rights, but simply as guarantor of the debt secured by his mortgage. The answer neither admits nor denies the averment of the bill that the mortgaged premises were conveyed to her subject to the lien of the mortgage; nor does it contain any allusion to that fact. The bill on this point is unanswered and undisputed. A material and controlling fact, which is clearly and fully averred in the bill, and not denied or alluded to in the answer, must be taken as confessed. *Sanborn* v. *Adair*, 2 *Stew.* 338. As the pleadings now stand, it must be taken as an admitted fact that both the mortgagor and the defendant have recognized the mortgage in question as a valid lien.

The principle is firmly established that the purchaser of a mere equity of redemption in lands covered by a usurious mortgage, who purchases subject to the lien of the mortgage, will not be allowed to subsequently attack the validity of the mortgage on the ground of usury. *Brolasky* v. *Miller*, 1 *Stock.* 807; *Dolman* v. *Cook*, 1 *McCart.* 56; *Conover* v. *Hobart*, 9 *C. E. Gr.* 120. And it has been held by the court of errors and appeals that this rule applies to a purchaser who purchases at a judicial sale with an understanding that he shall take the property subject to a prior usurious mortgage, and thereby obtains it for a sum less than he would have been obliged to pay if such mortgage had not been treated as a legal lien. *Warwick* v. *Dawes*, 11 *C. E. Gr.* 548.

The reason of the rule is obvious. The statute against usury is designed to give protection to the borrower against the greed of the lender, and not to afford any mere adventurer who may happen to slip into the seat of the borrower, a right to speculate on a violation of law which has done him no harm, and caused him no loss. When the borrower

sells his interest in the land he has pledged for the payment of a usurious debt, subject to that debt, he recognizes the validity of the debt, and waives the benefit of the statute. After the party aggrieved has forgiven an injury, it would not be consonant with either justice or reason to allow a stranger to set it up for his own personal advantage. The defendant has no right to display the wrongs of another as a means of relieving her property from a burden it was understood it should bear at the time she acquired it.

No judgment against the defendant personally is asked, and her defence must therefore be overruled as one she is not entitled to make.