WARREN N. TRUSDELL

*v.*

GEORGE A. DOWDEN.

1. The parties to a usurious contract can do nothing which will have the effect to validate it, so as to deprive the debtor of his right to defend on the ground of usury, except by expunging its usurious element.

2. The purchaser of the equity of redemption in premises covered by a usurious mortgage, who takes title subject to such mortgage, cannot set up the defence of usury, but he is precluded from making such defence not on the ground that the taint of usury has, by the conveyance, been purged from the mortgage, but because he kept back enough of the price he agreed to pay for the mortgaged lands to pay the mortgage, and thus placed himself in a position where he cannot allege usury without attempting to defraud both his grantor and the mortgagee.

3. A statement in a second mortgage that the mortgaged premises were, when it was given, subject to a prior mortgage, will not prevent the second mortgagee, in a suit founded on the first, from showing either that the first is usurious or has been paid.

On motion to strike out part of the defendant's answer.

*Mr. Robert H. McCarter*, for the motion.

*Mr. Frederic W. Stevens, contra.*

VAN FLEET, V. C.

This action is founded on a bond and mortgage, bearing date February 14th, 1890, made by James C. McGeragle to the complainant, whereby McGeragle bound himself to pay $5,000, with interest, at the end of four months from the date of the bond and

Trusdell *v.* Dowden.

mortgage. The bill alleges that McGeragle subsequently, and on the 18th day of April, 1890, conveyed the mortgaged premises to the defendant, subject to the complainant's mortgage, and that the deed to the defendant contains a clause which reads as follows:

"Said premises are conveyed subject to a mortgage for $5,000, dated February 14th, 1890, and recorded in Book B 10, page 488, which said mortgage is held as collateral security for the payment of certain promissory notes."

The defendant has answered. He denies that the deed made to him is in fact what it purports to be on its face, but says, on the contrary, that it is only a mortgage. He says that it was understood between the grantor and himself, when the deed was executed, that he should hold the land described in it as security for a debt that the grantor owed him, and that on the payment of the debt he should reconvey the land to the grantor. If this averment is true, there can be no doubt that the deed is a mortgage, and that, if that fact shall be established on the final hearing, the court will be compelled to treat the defendant as a junior encumbrancer, and not as the owner of the equity of redemption. The part of the answer just adverted to sets up no defence; it is merely explanatory, but this explanation is immediately followed by a charge that the complainant's mortgage is usurious, and this charge is succeeded by a particular statement of the usury. With the suit in this condition as to parties, and without having the mortgagor before the court as a party defendant, the complainant applies, upon notice given pursuant to paragraph 224 of the rules, for an order striking out so much of the answer as sets up the defence of usury. The ground of the application is, that the defence of usury has been waived in such manner as to preclude the defendant from setting it up. The argument put forward in support of this view is this: That inasmuch as the mortgaged premises were passed over to the defendant subject to the mortgage held by the complainant, all that the defendant took, by force of his deed, even though it was a mortgage, was merely such right and interest in the mortgaged premises as should be left after the complainant's debt of $5,000 was paid; in other

words, that the court should hold that the effect of the act of the mortgagor in passing over the mortgaged premises expressly subject to the complainant's mortgage, even though they were passed over merely by way of mortgage, was to purge the complainant's mortgage of its usurious taint as against the defendant.

If the defendant's deed is in fact a mortgage, and must be so construed and enforced, then it is undeniable that the mortgagor is an indispensable party to this suit—he is still the owner of the equity of redemption—and the complainant cannot, according to the established course of procedure in such cases, take another step in the prosecution of his suit until he has made him a party defendant. On the facts now before the court nothing appears which goes to show that, when the mortgagor has become a party, he will not have a clear right to interpose the defence of usury, and if he does, and defends successfully, it is manifest, that his success will enure to the benefit of the present defendant. If the complainant's bond and mortgage were originally infected with usury, it is clear that the taint still exists. It is not alleged that anything has been done which can have the effect to purge the taint as between the complainant and the mortgagor. The principle is settled, that the parties to a usurious contract can do nothing which will have the effect to validate it, so as to deprive the debtor of his right to defend on the ground of usury, except by expunging its usurious element. In *Taylor* v. *Morris, 7 C. E. Gr. 606, 609,* Mr. Justice Depue, speaking for the court of errors and appeals, said : " If the immediate parties to the transaction repent, and by mutual consent the usurious security be surrendered, a new promise to pay the sum loaned, with legal interest, may then be enforced, on the principle that the parties have purged the transaction of its original vice. But as between the parties to the usurious instrument, or as against a subsequent holder with knowledge of the defect, the original taint attaches to all substituted obligations or securities, however remote, unless the original vice be removed by expunging the usurious element."

The doctrine is undoubtedly thoroughly well settled, that the purchaser of the equity of redemption in premises covered by a

usurious mortgage, who takes title subject to such mortgage, cannot set up the defence of usury (*Brolasky* v. *Miller, 1 Stock. 807, 813; Dolman* v. *Cook, 1 McCart. 56, 63; Conover* v. *Hobart, 9 C. E. Gr. 120, 123; Lee* v. *Stiger, 3 Stew. Eq. 610, 611; Pinnell* v. *Boyd, 6 Stew. Eq. 600, 602*); but this doctrine does not at all rest on the theory that the taint, by the conveyance, has, as between the original parties, been purged from the mortgage—on the contrary, the fact is the taint as to them still exists in all its original force—but the doctrine rests on this foundation: that the purchaser by taking title subject to the mortgage and retaining out of the price he agreed to pay sufficient money to pay the mortgage, places himself in a position where he cannot allege usury without attempting to keep back part of the money which he agreed to pay for the mortgaged lands. Having retained enough of the purchase-money to pay the mortgage, under a promise that he would apply the money to the payment of the mortgage, it is plain, that if he were allowed to make the defence of usury, and should make it successfully, he would defraud both his grantor and the mortgagee. He would be permitted to speculate on a violation of law that had done him no harm, and to keep back money to which he has no right whatever, and to do so in direct violation of his promise. To prevent this, equity says that he shall not make the defence of usury, but it says so, not because the mortgage has been purged of its taint, but because he kept back enough of the purchase-money to pay the mortgage under a promise that if the money was left in his hands he would pay the mortgage debt. This is the foundation on which the doctrine just mentioned rests, and it has no other.

This exposition of the principle which the complainant invokes makes it perfectly clear, as I think, that if the complainant's bond and mortgage were originally usurious, they are so still, and that if the defendant is a mortgagee, and not a purchaser, he has the same right to interpose the defence of usury that any other junior encumbrancer would have. The clause in his mortgage, expressly declaring that the mortgaged premises were, when he took his mortgage, already subject to a prior mortgage, cannot, according to any rule of equity jurisprudence with which I am

acquainted, be held to preclude him from showing either that such prior mortgage is usurious or has been paid. Such statement, it is certain, did not, if usury existed, remove the taint, nor is it possible to make it the foundation of an estoppel.

The complainant's application must be denied, with costs.