ABIGAIL D. SCULL et al., executrices, &c.,

*v.*

HOWARD P. IDLER et al.

[Submitted November 10th, 1911. Determined November 27th, 1911.]

1. A purchaser of a mere equity of redemption in premises covered by a usurious mortgage, who purchased subject to the lien of the mortgage, cannot set up usury as a defence to the mortgage.

2. A mortgagor in a usurious mortgage, who is made a party to a foreclosure suit against a purchaser, subject to the lien of the mortgage, may assert the defence of usury as against a liability for any deficiency.

3. A bill to foreclose, which alleges that the mortgagor, after the execution of the mortgage, conveyed to a third person, that whatever interests the third person acquired were subject to the interests of complainant, who is without knowledge whether the conveyance was an absolute one, or whether an interest was reserved in the mortgagor, does not directly aver that the purchaser purchased the equity of redemption subject to the mortgage; and the defence that the mortgage is usurious is available.

On bill to foreclose mortgage. Hearing on bill and answer.

The bill is filed to foreclose a mortgage made to complainants' testator by defendants Lucretia P. Idler and Charles A. Idler. By an averment of the bill, hereinafter quoted, it appears that

subsequent to the date of the record of complainants' mortgage the mortgaged premises were conveyed by the mortgagors to defendant Howard P. Idler. The mortgagors are made defendants under an averment of the bill to the effect that notwithstanding the conveyance to their son, defendant Charles A. Idler, they may have retained an interest in the mortgaged premises.

The three defendants above named have answered.. Their answer specifically and sufficiently discloses that the mortgage in question is usurious, and denies no averments of the bill except the averments touching the amount of the original indebtedness.

Hearing has been had on the bill and answer.

*Mr. William M. Clevenger,* for the complainants.

*Mr. H. Starr Giddings,* for the defendants.

LEAMING, V. C.

It has been repeatedly held by the courts of this state that the purchaser of a mere equity of redemption in premises covered by a usurious mortgage, who buys subject to the lien of such mortgage, cannot set up usury as a defence to the encumbrance; the repudiation of the mortgage by such purchaser would enure to his benefit against the terms of his purchase, and would not enure to the benefit of the original borrower. In *Warwick* v. *Dawes,* *26 N. J. Eq. (11 C. E. Gr.) 548, 556,* this principle was applied where the purchase was made at a sale under a decree of foreclosure of a second mortgage, the purchaser in that case having made his purchase with reference to the existence of the prior mortgage which he assumed to be a valid prior encumbrance according to its terms, but which was, in fact, usurious.

This inability of one who purchases the mere equity of redemption to set up the defence of usury against the foreclosure of a mortgage subject to which the purchase was made, is not based upon the idea that the taint of usury has been purged by a conveyance in which the mortgagor has recognized the usurious mortgage as valid; the defence of usury may still be available to the mortgagor. It would seem that as between the original parties the taint of usury can only be removed by the borrower re-

ceiving the full amount called for by the security. *Taylor* v. *Morris, 22 N. J. Eq. (7 C. E. Gr.) 603; Warwick* v. *Dawes, supra; Trusdell* v. *Dowden, 47 N. J. Eq. (2 Dick.) 396.* It necessarily follows that the original mortgagor, notwithstanding his conveyance subject to the mortgage, is still entitled to be protected against liability on his bond in the event of a deficiency at sale; and if such mortgagor is made a party to a foreclosure suit against his vendee, the decree will be operative as a bar to such defence on the bond, unless the defence is asserted by him in the foreclosure suit in which he is made a party. This is expressly held in *Andrews* v. *Steele, 22 N. J. Eq. (7 C. E. Gr.) 478.*

From the principles above defined it seems to clearly follow that defendant Howard P. Idler, who now holds the legal title under a conveyance from the mortgagors, is not entitled to the benefit of the defence of usury if his purchase was in fact a purchase of the mere equity of redemption subject to the lien of the mortgage now held by complainants; and that defendants Charles A. Idler and Lucretia P. Idler, who were the mortgagors and who executed the bond secured by the mortgage now sought to be foreclosed, are entitled to urge in this suit the defence of usury to the end that the decree may not be operative to bar them such defence on their bond.

The bill asserts that these mortgagors, subsequent to the execution of the mortgage now sought to be foreclosed,

"made, executed and delivered unto Howard P. Idler a deed wherein they granted, bargained and sold unto the said Howard P. Idler all the premises heretofore described, but your oratrices charge that whatever interests the said Howard P. Idler acquired by virtue of the said conveyance was under and subservient to the interests of your oratrices."

The present hearing is upon bill and answer, and the answer makes no denial of the above averment. This averment is not, however, in my judgment, the equivalent of a positive and direct averment that a mere equity of redemption was in fact purchased by Howard P. Idler expressly subject to a lien for the amount appearing to be due on the mortgage now held by complainants, or in a manner in which the purchaser necessarily deducted from

the purchase price the amount appearing to be due on that mortgage. That element is the one which must exist to deny to the purchaser the defence of usury; under the averments of the bill that element may not have been present in the transaction. This is made clear in the case of *Hackensack Water Company* v. *De-Kay, 36 N. J. Eq. (9 Stew.) 548,* in which Mr. Justice Depue, speaking for the court of errors and appeals, said: "There is a class of cases in which a purchaser taking title subject to an encumbrance prior in point of time, is precluded from disputing its validity. *DeWolf* v. *Johnson, 10 Wheat. 367; Dolman* v. *Cook, 14 N. J. Eq. (1 McCart.) 56; Conover* v. *Hobart, 24 N. J. Eq. (9 C. E. Gr.) 120,* are cases of this class. In those cases the lands conveyed were subject to mortgages claimed to be void for usury. In *DeWolf* v. *Johnson,* the mortgagor had conveyed the premises expressly subject to the mortgage of DeWolf; and in *Dolman* v. *Cook* and *Conover* v. *Hobart,* the mortgagor's conveyances of the mortgaged premises were expressly subject to the mortgages, and it so appeared in the deeds of conveyance. In each of these cases, the grantee, having accepted a conveyance under the mortgagor, subject in express terms to the payment of the usurious mortgage, was held to be estopped from contesting its validity. The theory on which cases of this class are founded is that the mortgagor having elected to affirm the usurious mortgage, by selling the mortgaged premises subject to the mortgage, the purchaser, by his contract as expressed in his deed, took an equity of redemption only, and therefore could not dispute the validity of the mortgage, and thus obtain an interest in the land which the mortgagor never intended to transfer to him. *Shufelt* v. *Shufelt, 9 Paige 137; Post* v. *Dart, 8 Paige 639; Green* v. *Kemp, 13 Mass. 515; Morris* v. *Floyd, 5 Barb. 130.* But this principle does not apply to sales by officers under judicial process. A purchaser at a sheriff's sale, either under an execution at law, against the mortgagor or at the foreclosure sale of a second mortgage, may defend against a prior mortgage on the premises on the ground of usury, although in fact by his purchase he acquired the property subject to whatever prior encumbrances there might be upon it. *Brolasky* v. *Miller, 8 N. J. Eq. (4 Halst.) 789; S. C., 9 N. J. Eq. (1 Stock.) 807; Pinnell* v. *Boyd, 33 N.*

*J. Eq. (6 Stew.) 600."* The averments of the bill cannot, I think, be properly regarded as more than a general averment that the rights of complainants under the mortgage are superior to the rights of defendant Howard P. Idler, as purchaser, in that the purchase by the latter was subsequent to the date of the registration of the mortgage now held by complainants; this becomes even more apparent by a consideration of the paragraph of the bill above quoted in connection with a subsequent paragraph of the bill in which an averment is made to the effect that complainants are without knowledge whether the conveyance to Howard P. Idler was an absolute conveyance or whether that conveyance was made through some secret understanding whereby an interest was reserved in the vendors.

As the mortgagors were made defendants and the answer filed in behalf of the mortgagors and the purchaser set forth that only the sum of $1,800 was actually loaned, I think no decree in excess of that amount can be properly entered on the bill and answer.