This is a bill to foreclose a mortgage. The defense is usury. On January 5th, 1922, the complainant loaned the defendant Beyer $3,500 on bond and mortgage on property in Hackensack. On April 11th, 1923, Beyer paid $1,000 of the debt and gave a new bond and mortgage for $2,500, the one under foreclosure. It is established, as pointed out in the court's findings at the conclusion of the argument, that the complainant corruptly agreed with the defendant Beyer to lend him $3,500 upon the promise to pay interest at the rate of three per cent. per month, and that interest at that rate was paid for one year, three months and six days, a total of $1,330 above the legal rate. It is also established that, in pursuance of the corrupt bargain, three per cent. per month was exacted and paid on the mortgage in suit for the first month, $75. *Page 42 
The usury was not timely pleaded, and hence the defendant cannot claim the statutory forfeiture of interest and costs.Dunlap v. Chenoweth, 88 N.J. Eq. 496. But he is entitled to have the usury applied in reduction of the mortgage debt. Kohn
v. Kelley, 76 N.J. Eq. 132, and cases cited.
The contention that the usury was expunged by the surrender and cancellation of the mortgage and the taking of new security finds support in the case of State Bank v. Ayers, 7 N.J. Law 130;Morris v. Taylor, 22 N.J. Eq. 438, but the doctrine of these cases was repudiated by the court of errors and appeals in the last-named case (Ibid. 606), and it is there held that as between the parties to the usurious instrument, or as against a subsequent holder with knowledge of the defect, the original taint attaches to all substituted obligations or securities, however remote, unless the original vice be removed by expunging the usurious elements, and that no recovery can be had upon any succeeding obligation which operates to secure the usurious exaction, and that a new settlement of the accounts between the borrower and lender, and the cancellation of the original security, or the introduction of a new consideration in the shape of an additional loan, will not operate to give such an instrument validity. See, also, Mahn v. Hussey, 28 N.J. Eq. 546;Boyd v. Engelbrecht, 36 N.J. Eq. 612; Trusdell v.Dowden, 47 N.J. Eq. 396. Blohm v. Hannan, 82 N.J. Eq. 192;affirmed, 83 N.J. Eq. 347, is in harmony with the principle. There the complainant held two usurious mortgages upon which there was actually due, after eliminating the usury, $6,950. By agreement he surrendered them for $6,000 in cash and a mortgage for $1,500, an inferior security. Vice-Chancellor Garrison, who heard the case, in a communication to counsel, printed in the court of errors and appeals records, and after his retirement Vice-Chancellor Lewis, who decided the case, found that the consideration for the $1,500 mortgage was, the balance of the debt, $950, and $550, the price agreed upon for the surrender of the *Page 43 
superior security. In their view the original transaction had been purged of usury and the mortgage in suit was not a substituted security, but one on a new consideration. Here the complainant agreed to extend the time for the payment of the debt upon the payment of $1,000 on account and the continuance of the payment of usury. The money was raised, it is true, by increasing a first mortgage, and the complainant surrendering his and taking in substitution an inferior security, but there was no purging of the usury; the unlawful element was retained, not eliminated.
The defendant is also entitled to credit for the amount of usury by way of set-off. He could sue at law and recover the usury. Hintze v. Taylor, 57 N.J. Law 239; Weitz v. Quigley,88 N.J. Law 617. Under section 61 of the Chancery act (Comp.Stat. p. 433) set-offs are allowed in mortgage foreclosure in the same manner as set-offs are allowed at law.
The defendant may amend his pleading by adding a counter-claim of set-off. *Page 44