The bill in this cause is filed to foreclose a mortgage for $11,000, dated June 8th, 1925, and payable June 13th, 1925, from the defendant Benjamin Staw to the complainants. The mortgage covers certain property located at Shrewsbury, Monmouth county, New Jersey. The bill alleges that on June 8th, 1925, the date of the mortgage, the defendant Benjamin Staw executed a second mortgage in the sum of $5,650, covering the same property, in favor of the defendant Kajay Corporation; that on June 9th, 1925, said Staw conveyed the mortgaged premises to the defendant Isquith Productions, Inc., in fee; that on June 8th, 1925, the day before it acquired title, Isquith Productions, Inc., mortgaged said land to the defendant Staw for $20,000. This mortgage, *Page 610 
dated one day prior to the date of the deed from the defendant Staw to the defendant Isquith Productions, Inc., was recorded on June 13th, 1925. The defendant Staw, the mortgagor, is made defendant in this suit as third mortgagee. The bill alleges a default in the mortgage and contains the usual prayer in foreclosure suits.
To this bill only the defendant Staw answered, and decrees proconfesso have been entered against the defendants Isquith Productions, Inc., and Kajay Corporation.
The defendant Staw denies the indebtedness for which the bond mentioned in the bill is alleged to have been given, admits the execution of the mortgage, but denies that the interest of the defendant Isquith Productions, Inc., or his own interest, is subject to the lien of that mortgage, and denies that there is anything due on the mortgage. He also sets up three separate defenses — first, that on June 9th, 1925, the day on which he conveyed the mortgaged premises to Isquith Productions, Inc., that company reconveyed the property to him, and that he is now the owner thereof in fee-simple; second, the defense of usury; third, an executory contract extending the time of payment of the mortgage. Complainants' motion to strike is directed to the whole answer and is based upon three grounds — first, that the defendant Staw took title to the mortgaged premises subject to the foreclosure; second, that the defendant Staw is estopped from setting up the defense of usury, and third, that the agreement to extend the time of payment of the mortgage is void.
For the purposes of this motion, the facts set up in the answer must be taken as admitted by the complainants, and it is quite apparent, therefore, that, so far as the motion is addressed to what might be called the general answer, it must be denied.
It is equally plain that the first separate defense, standing alone, would not avail the defendant (Chancery Act § 58; 1Comp. Stat. p. 432), but as the same facts are repeated in the second separate defense, and as they may be available to the defendant in connection with that defense, I shall refuse to strike out the first separate defense. *Page 611 
The motion as directed to the defense of usury is based on more substantial ground, although I am convinced that even on this ground the motion cannot prevail.
The answer sets up that the mortgage, which is the subject of this foreclosure suit, was executed and delivered in substitution for two prior mortgages, one of $8,000 and one of $3,000; that the $3,000 mortgage was tainted with usury and that the total proceeds of the two mortgages, for which the $11,000 mortgage was substituted, was $9,575, the difference, or $1,475, representing the usurious exaction of the mortgagee. Of course, if the original obligation for which the $11,000 mortgage was substituted was usurious, the taint of usury follows the substituted mortgage, and that defense, if now available to the defendant, may be interposed here. Taylor v. Morris, 22 N.J. Eq. 606; Trusdel v. Dowden, 47 N.J. Eq. 396; Kobrin v. Hull,96 N.J. Eq. 41.
It is contended by the complainants, however, that upon the conveyance of the mortgaged property to Isquith Productions, Incorporated, by the defendant Staw, his grantee was thereupon estopped from setting up the defense of usury, inasmuch as the deed of conveyance by which this property was conveyed contained the following provision:
"Subject, however, to a mortgage in the amount of eleven thousand [$11,000] dollars covering said premises held by Irving Berk, now a first lien against the said premises and subject further to a mortgage in the amount of fifty-six hundred [$5,650] and fifty dollars covering said premises held by the Kajay Corporation, now a second lien against the said premises, both of which said mortgages are hereby assumed by the party of the second part hereof as a part of the consideration for this conveyance."
And, also, that the grantee of Isquith Productions, Incorporated, notwithstanding that grantee is the original mortgagor Staw, is also estopped from setting up the defense of usury. Certified copies of the deeds from Staw to Isquith Productions, Incorporated, and from Isquith Productions, Incorporated, to Staw were offered in evidence on this motion, and the above-quoted clause appears in the deed from Staw to Isquith Productions, Incorporated, and the *Page 612 
following clause appears in the deed from Isquith Productions, Incorporated, to Staw:
"Subject to a mortgage in the sum of eleven thousand [$11,000] dollars, now a first lien against the said premises, subject further to a mortgage in the sum of fifty-six hundred and fifty [$5,650] dollars, now a second lien against the said premises, and subject further to a mortgage in the sum of twenty thousand [$20,000] dollars, now a third lien against the said premises."
The complainant concedes, however, that the defendant Staw, as mortgagor, notwithstanding these conveyances of the mortgaged property, would have the right to interpose the defense of usury here, because of his liability on the bond for a deficiency; but in view of this admitted right, the complainant on this motion brings the bond secured by the mortgage into court and tenders it to the defendant-mortgagor and waives any claim thereon for deficiency.
It is well settled that the defense of usury is personal to the debtor, and that while he lives no other person can interpose it except with his consent and concurrence. 27 R.C.L. 282 § 83;DeWolf v. Johnson, 10 Wheat. (U.S.) 367.
It is equally well settled that where one purchases land expressly subject to a usurious mortgage and is allowed a credit of the amount of that mortgage on the purchase price of the property, he is estopped from pleading the defense of usury.27 R.C.L. 288 § 89; Lee v. Stiger, 30 N.J. Eq. 610; Scull v.Idler, 79 N.J. Eq. 466; Brolasky v. Miller, 9 N.J. Eq. 807;Conover v. Hobart, 24 N.J. Eq. 120; Trusdell v. Dowden,47 N.J. Eq. 396.
In Trusdel v. Dowden (at pp. 398, 399), Vice-Chancellor Van Fleet said:
"The doctrine is undoubtedly thoroughly well settled that the purchaser of the equity of redemption in premises covered by a usurious mortgage, who takes title subject to such mortgage, cannot set up the defense of usury (Brolasky v. Miller, 1Stock. 807, 813; Dolman v. Cook, 1 McCart. 56, 83; Conover v.Hobart, 9 C.E. Gr. 120, 123; Lee v. Stiger, 3 Stew. Eq. 610,611; Pinnell v. Boyd, 6 Stew. Eq. 600, 602); but this doctrine does not at all rest on the theory that *Page 613 
the taint, by the conveyance, has, as between the original parties, been purged from the mortgage; on the contrary, the fact is the taint as to them still exists in all its original force, but the doctrine rests on this foundation: that the purchaser by taking title subject to the mortgage, and retaining out of the price he agreed to pay sufficient money to pay the mortgage, places himself in a position where he cannot allege usury without attempting to keep back part of the money which he agreed to pay for the mortgaged lands. Having retained enough of the purchase-money to pay the mortgage, under a promise that he would apply the money to the payment of the mortgage, it is plain that if he were allowed to make the defense of usury, and should make it successfully, he would defraud both his grantor and the mortgagee. He would be permitted to speculate on a violation of law that had done him no harm, and to keep back money to which he has no right whatever, and to do so in direct violation of his promise. To prevent this, equity says that he shall not make the defense of usury, but it says so, not because the mortgage has been purged of its taint, but because he kept back enough of the purchase-money to pay the mortgage under a promise that if the money was left in his hands he would pay the mortgage debt. This is the foundation on which the doctrine just mentioned rests, and it has no other."
It clearly appears, therefore, that the defense of usury would not be available here to the defendant Isquith Productions, Incorporated, but a more serious question arises in considering the availability of this defense to the defendant Staw.
Usurious contracts are prohibited by our statute. 4 Comp.Stat. p. 5704. That statute was enacted for the benefit of the necessitous borrower, and it is because such statutes have uniformly been enacted for his benefit that the defense of usury has been held to be a personal defense. In Trusdel v. Dowden,supra, it was said "that the parties to a usurious contract can do nothing which will have the effect to validate it, so as to deprive the debtor of his right to defend on *Page 614 
the ground of usury, except by expunging its usurious element," and also (at p. 399), "but this doctrine does not at all rest on the theory that the taint by the conveyance has, as between the original parties, been purged from the mortgage * * *; on the contrary, the fact is the taint as to them still exists in allits original force." (Italics are mine.) In that case a subsequent mortgagee-defendant, whose mortgage was expressly subject to a prior usurious mortgage, was permitted to set up the defense of usury.
In Scull v. Idler, supra, the court said:
"This inability of one who purchases the mere equity of redemption to set up the defense of usury against the foreclosure of a mortgage subject to which the purchase was made, is not based upon the idea that the taint of usury has been purged by a conveyance in which the mortgagor has recognized the usurious mortgage as valid; the defense of usury may still be available to the mortgagor." See, also, Ahrens v. Kelly, 89 N.J. Eq. 586.
While it is quite clear that a mere stranger cannot set up usury in avoidance of a mortgage to which he is neither party nor privy, the defense may be set up by anyone claiming under the mortgagor and in privity with him, and as a general principle it may be stated that whenever a subsequent holder of a title to lands subject to a usurious mortgage "stands quoad hoc in the shoes of the mortgagor," he may set up this defense. Brolasky
v. Miller 9 N.J. Eq. 807.
The right of a borrower to recover usurious interest paid, and that of the defense of usury in a suit on a usurious contract, may be assigned (Van Pelt v. Schauble, 68 N.J. Law 638; Weitz
v. Quigley, 88 N.J. Law 617); and in a suit for the foreclosure of an usurious mortgage against a grantee taking expressly subject to the mortgage, the defense of usury may be pleaded with the consent of the mortgagor. Stephens v. Muir, 8 Ind. 352;65 Am. Dec. 764; Harper v. Middle States Loan Co., 55 W. Va. 149;46 S.E. Rep. 817; and see, generally, 47 Cent. Dig. "Usury,"
§§ 386, 391; 25 Am. Dig. (1st Dec. ed.), and 22 Am. Dig.
(2d Dec. ed.), subject "Usury." *Page 615 
It is urged by the complainant that the defendant Staw appears as a defendant in a dual capacity — first, as the owner of the equity of redemption, and that as such he is estopped from setting up the defense of usury, and second, as the obligor on the bond; and that, if the bond is surrendered, the defense of usury is no longer available to him, the argument being that his liability on the bond for a deficiency constitutes the only reason for permitting him to advance the defense of usury, and that as the complainants' offer of the surrender of the bond removes this liability, the defense fails because the reason ceases to exist.
While it appears in most of the New Jersey cases that his liability on the bond is advanced as a reason for permitting a defendant-obligor to interpose the defense of usury, after a conveyance by him of the mortgaged premises, I apprehend that the fundamental reason for the defense lies in the illegality of the usurious contract which the legislature has denounced; and that so long as the person for whose benefit the Usury act was enacted is a defendant in the foreclosure suit, it matters not in what capacity he appears as defendant, and that until the usurious contract has been purged of its taint, or until the personal right of the mortgagor to recover the usurious exaction, or his right to interpose the defense of usury has been expressly waived or relinquished, the rights secured to him by the act still obtain in all their original force.
It is not contended here that the original usurious contract has been purged of its taint, as, of course, it has not, but only that the defendant Staw is estopped by the two conveyances to which he was a party from setting up this defense. The first conveyance was not a waiver nor a purgation of the usurious element of the contract as between the mortgagor and mortgagee. "The taint as to them still exists in all its original force." The defense of usury is not inherent in the land which is the subject of the usurious mortgage. It is perhaps true that, as between the mortgagor and his grantee who took expressly subject to the usurious mortgage, the mortgaged land was primarily dedicated to the *Page 616 
payment of the mortgage; but this contract of dedication, if it may be so called, was made for the benefit of the mortgagor-grantor and not for the benefit of the mortgagee, The parties to this contract of dedication could at any time revoke that dedication and change their relations with respect to this conveyance. This they have done by a reconveyance of the land to the mortgagor. Staw is now a defendant, not only as obligor on the bond, but also as mortgagor, and I am of the opinion that the defense of usury is available to him. The same result, in a similar case, has been reached by the New York court of appeals. See Knickerbocker Life Insurance Co. v. Nelson, 78 N.Y. 137.
In that case Nelson executed a usurious mortgage to the insurance company and then conveyed the mortgaged premises to Leinbeck expressly subject to the mortgage. Leinbeck conveyed to Watkins, also subject to the same mortgage. Foreclosure proceedings were brought against Watkins, and, after issued joined, he conveyed to Nelson, the original mortgagor, who then applied to be made a party defendant, and, on being admitted, set up the defense of usury. It was held that such defense was available to him notwithstanding his conveyance expressly subject to the mortgage.
It will be noted, however, that in the instant case the defendant Staw is made a defendant in the capacity of a subsequent mortgagee, and, under the decision in Trusdel v.Dowden, supra, the defense of usury is available to him as such.
The motion as directed to the second separate defense will therefore be denied.
With respect to the motion as directed to the third separate defense, it appears that the complainant is in a rather anomolous position. This defense sets up an agreement by the defendant Staw to pay the complainants $500 for an extension of the term of the mortgage to June 13th, 1926, said sum to be paid on September 8th, 1925. The foreclosure suit was instituted before that time. The contract, therefore, appears to be executory. The apparent basis of this motion is that the executory contract is a usurious one, *Page 617 
and the complainants are, therefore, in the position of objecting to the defendant Staw setting up a defense of usury while claiming for themselves the benefit on this motion of the usurious character of the executory contract for an extension of time for the payment of the mortgage. While, ordinarily, this court will not lend its aid to either party to enforce a usurious contract while it remains executory (Jones v. Trusdell,23 N.J. Eq. 554), under the circumstances of this case, I deem it my duty to refuse to strike out this defense, believing that I should let it stand for what it is worth. The motion to strike out the answer will therefore be denied.