VASSAR HOLDING COMPANY, a corporation, complainant-appellant,

*v.*

WILLIAM A. DUNLAP et al., defendants-respondents.

[Decided October 15th, 1928.]

1. A subsequent mortgagee defendant has the right to interpose the defense of usury in a foreclosure suit.

2. Where an estoppel certificate was executed nearly three years after the mortgage was placed on record by the holder thereof, it cannot prejudice the rights of the mortgagee.

---

On appeal from an order of the court of chancery advised by Vice-Chancellor Berry, who delivered the following conclusion:

"In the matter of *Vassar Holding Co.* v. *William Dunlap* I have examined the file in this cause very carefully and have

read and considered the briefs of counsel submitted on the exceptions to the master's report, and I am writing to advise you that I will advise an order confirming the master's report. There are really only two questions involved in this controversy, the first being as to the availability of the defense of usury to the defendants Osborn & Marsellis Company. This defendant stands in the position of a subsequent mortgagee defendant, and there is ample authority in this state to the effect that the defense of usury is available to a subsequent mortgagee defendant in a foreclosure suit. *Brolasky* v. *Miller, 9 N. J. Eq. 807; Truesdell* v. *Dowden, 47 N. J. Eq. 396; Berk* v. *Isquith Productions, Inc., 98 N. J. Eq. 608; 131 Atl. Rep. 526.*

"The other question is as to the effect of the estoppel certificate signed by the defendants Chiaro and Calandra on the rights of Osborn & Marsellis Company. The mortgage in which Osborn & Marsellis Company have an interest, and by reason of which they are made parties defendant, is dated November 2d, 1923, and recorded November 20th, 1923. The estoppel certificate is dated September 30th, 1926. This was four days after the assignment of the Zimmer mortgage to the complainant, and, obviously, the estoppel certificate was not relied upon by the assignee; but irrespective of this fact, an estoppel certificate executed by Chiaro and Calandra nearly three years after the Osborn & Marsellis Company mortgage was placed on record, cannot prejudice their rights as mortgagee. The estoppel certificate may operate as a waiver on the part of Chiaro and Calandra to the defense of usury, but it cannot take away from Osborn & Marsellis Company the rights which accrued to them under their mortgage upon its execution and recording.

"I will advise an order confirming the master's report, as I agree with him on his findings of fact."

*Mr. Thomas Brunetto,* for the complainant-appellant.

*Mr. Philip Goodell,* for the defendants-respondents.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Berry in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.