The mortgage sought to be foreclosed in this suit was given by the defendant Melroy Construction Company. The only answering defendant is Florence R. Chernoff, a subsequent mortgagee who holds two mortgages, one for $11,000 and one for $2,300, both of which are expressly subject to the mortgage now being foreclosed. By her answer she sets up the defense of usury. The motion is to strike the answer and the availability of the defense of usury to this subsequent mortgagee-defendant is the only question which need now be decided. It is conceded that, as the mortgagor is a corporation, the defense is not available to it; but it is claimed on the authority of Berk v. Isquith Productions, Inc.,98 N.J. Eq. 608, and Vassar Holding Co. v. Dunlap, 103 N.J. Eq. 363,
both of which cases were decided by me, and the latter of which was affirmed by the court of errors and appeals, *Page 12 
that the defense is available to a subsequent mortgagee irrespective of the right of the original mortgagor to interpose that defense. Such rule cannot, in my judgment, be spelled out of either of those decisions. Nor would the prior decision ofBrolasky v. Miller, 9 N.J. Eq. 807, and Trusdell v.Dowden, 47 N.J. Eq. 396, upon the authority of which the two decisions referred to were based, afford any support for such a rule of law as is contended for by this defendant. What I held in those cases and what was held in the previous cases was that whenever a subsequent holder of title to lands subject to an usurious mortgage stands, with respect to that mortgage or in the suit then pending, in the shoes of the original mortgagor, he may set up the defense of usury. But even though he does stand in the shoes of the original mortgagor, it avails him nothing if the mortgagor himself could not set up that defense. Lembeck v.Jarvis Terminal Cold Storage Co. (Court of Errors andAppeals), 70 N.J. Eq. 757. It follows that in the instant case the defense is not available to this defendant. The decision in the Vassar Holding Company Case that the fact that the mortgagor did not have the right to set up usury as a defense would not preclude the subsequent mortgagee from setting up that defense, does not help this defendant because the right was denied the mortgagor there by estoppel which was not binding on the subsequent mortgagee because the estoppel certificate was executed nearly three years after the date of the subsequent mortgage. The subsequent mortgagee did not, therefore, stand in the shoes of the mortgagor of the usurious mortgage.
As the assertion in the defendant's answer that her mortgage is prior to that of the complainant depends upon the availability of the defense of usury to this defendant, that part of the answer also falls and the entire answer will be stricken. *Page 13