The bill is to foreclose an overdue $4,000 mortgage made to the complainant by one Bolen. Bolen conveyed to the defendants. It is stipulated in the conveyance that it was made subject to the mortgage, the payment of which the defendants assumed. The answer, paragraphs 1 to 12, admits the execution of the mortgage, but denies the debt. The motion is to strike out the paragraph as sham. The complainant's affidavit, in support of the motion, verifies the mortgage and the conveyance to the defendants and avers the payment of an installment of interest, and that "on November 12th, 1930, the said four thousand ($4,000) fell due to me, the complainant, on the note and mortgage and no part thereof has yet been paid." In their affidavit the defendants aver that the mortgagor, Bolen, paid the complainant $400 usury for the mortgage loan, but obviously it is hearsay and must be disregarded, as it would be were the cause on final hearing; there, the complainant would prevail on his prima facie case. The motion will prevail and the paragraphs will be stricken out.
The answer further sets up, with precise formality, usury paid by Bolen, and that Bolen assigned to the defendant his claim for usury against the complainant and consents that they plead the defense of usury. The motion is to strike this as frivolous.
The defendants cannot plead the usury as a defense. They took subject to and assumed the payment of the mortgage and are estopped. Berk v. Isquith Productions, Inc., 98 N.J. Eq. 608.
In that case Vice-Chancellor Berry observed that "in a suit for the foreclosure of a usurious mortgage against a grantee taking expressly subject to the mortgage, the defense of usury may be pleaded with the consent of the mortgagor." But it is to be added, provided the consent, *Page 13 
be it expressed or implied, be incidental to the consideration given for the conveyance of the equity, of which the usury forms a part. Consent cannot be implied where the par value of the mortgage is part of the price and the mortgagor retains his right to recover the usury from the mortgagee. That was the situation here. The mortgagor conveyed to the defendants April 15th, 1930. He did not assign his claims to the usury until November 1st, 1930, and gave his consent January 2d 1931, after the bill was filed. The estoppel intervened. The assignment does not dissolve the estoppel. It assigns an independent cause for action, not to be set up as a defense, but may be pleaded as a set-off by way of a counter-claim. A claim for usurious interest paid may be assigned. Van Pelt v. Schauble, 68 N.J. Law 638. It may be set up as a counter-claim. Kobrin v. Hull, 96 N.J. Eq. 41.
The motion will prevail.
Leave will be given to set up the matter under a counter-claim and for that purpose there may be an order amending the answer by inserting before paragraph 13 the formula prescribed by rule 70 and by adding to the allegation the usual prayer for relief.