OLA L. HATFIELD *et al. v.* FLOYD M. SAYRE *et al.*

(No. 7038)

Submitted January 26, 1932.    Decided February 9, 1932.

*Sayre & Bowers,* for appellants.
*Carl C. Sanders* and *Clarence W. Meadows,* for appellees.

MAXWELL, JUDGE:

This is an appeal from a decree of the circuit court of Raleigh County overruling a motion to dissolve a temporary injunction restraining the sale of real estate by trustees under a deed of trust.

Lemon and wife placed a deed of trust on their property to secure Industrial Bank of Richmond in the payment of $3,750.00, borrowed money, evidenced by sixty notes of $62.50 each, payable in monthly succession. Later, Lemon and wife conveyed the said property to Tolbert, Callaway &

Stansbury, Inc., in consideration of $10.00 cash and the assumption by the grantee of such of the said notes as then remained unpaid. Tolbert, Callaway & Stansbury, Inc., conveyed the property to Hatfield and wife in consideration of the assumption by the grantees of forty of said notes and for other consideration recited in the deed.

Subsequent to the last conveyance aforesaid the trustees under the deed of trust advertised the property for sale at public auction to satisfy the unpaid portion of the debt of the Industrial Bank of Richmond. The balance asserted by the bank as of July 28, 1930, is $1,023. 18. Prior to the day fixed by the trustees for sale of the property, this suit was instituted by Lemon and wife and Hatfield and wife, plaintiffs, against Sayre and Brown, trustees under the deed of trust, Industrial Bank of Richmond, a corporation, and Tolbert, Callaway & Stansbury, a corporation, defendants. The bill charges usury in the loan made by the bank to the Lemons. The plaintiffs seek (1) to purge the debt of the alleged usury, and (2) to enjoin the sale of the property pending the controversy. A temporary injunction was awarded as prayed. In its answer, the bank denied usury. Motion of said defendant to dissolve the temporary injunction was overruled, also its motion for appointment of a special receiver.

Ordinarily, the defense of usury is personal to the debtor and those in legal privity with him. *Lee* v. *Feamster*, 21 W. Va. 108, 45 Am. Rep. 549; *Harper* v. *Building Association*, 55 W. Va. 149, 46 S. E. 817; *Chenoweth* v. *Building Associatioin*, 59 W. Va. 653, 53 S. E. 559; 2 Jones on Mortgages, (8th ed.), sec. 791; 39 Cyc., p. 1062. The phrase ''legal privity'' as used in this connection means those upon whom title or an interest is cast by law, and not those who become interested through contract. *Harper* v. *Building Association, supra,* p. 152. There is also a general rule that a grantee who assumes the discharge of a mortgage debt as a part or all of the consideration which he is to pay for the conveyance of the property to him may not raise the question of usury in the debt. Jones on Mortgages, *supra;* 39 Cyc., p. 1069; *Stuckey* v. *Loan Co.,* 61 W. Va. 74, 55 S. E. 996.

516

To these general rules, however, there is the qualification that a stranger to the usurious contract may plead usury "for the benefit of the original debtor, or, perhaps, with his consent." *Harper* v. *Building Association, supra,* Syllabus 2 of that case reads: "A purchaser of real estate charged with an usurious debt cannot defend against the usury, unless the debtor unites with him in the defense, or his acquiescence in, and consent to, such defense appears in the record." In *Male* v. *Wink,* 61 Neb. 748, 86 N. W. 472, the principle was recognized and applied that a mortgagor, though he has sold the property, may interpose the defense of usury in his own behalf since he is liable for a deficiency judgment in event the property does not sell for a sum sufficient to discharge the mortgage obligation. *Stephens* v. *Muir,* 8 Ind. 352, 65 Am. Dec. 764, thus states the proposition: "Usury, it seems, may be set up by vendee of real estate subject to usurious mortgage, with consent of the party who made the usurious contract and who was to suffer by it; and if such person be made a party to the action, he may urge usury as a ground of equitable relief to himself." The exception is thus stated in 27 Ruling Case Law, p. 283: "The general rule prohibiting a stranger to the usurious contract from availing himself of the defense of usury is subject to the qualification that he may plead it for the benfit of the original debtor or with his consent.

Within this qualification or exception plaintiffs seek to place themselves. Just prior to the institution of this suit Lemon and wife executed to Hatfield and wife an authorization to the latter to plead usury to said contract, and further undertaking to assign to the latter any rights that the former might have to any recovery or credit from the Industrial Bank of Richmond on account of alleged usury. As already noted, the Hatfields are co-plaintiffs with the Lemons and join in the allegations and prayer of the bill. Where a mortgagor, though he has later sold the property, stands legally liable for a deficiency judgment in event the mortgaged property should not sell for a sum sufficient to discharge the debt, as is the situation here of Lemon and wife, it seems plain that, for his own protection, he should be permitted to purge

the contract of usury. *Rorer* v. *Building and Loan Association,* 55 W. Va. 255, 46 S. E. 1018. Whatever may be the full legal effect of the assignment of the Lemons to the Hatfields, it certainly operates as a consent or authorization by the former to the latter to litigate the question of usury. And, even in the absence of said assignment, the fact of the Lemon's joining as plaintiffs in the bill is conclusive demonstration of their desire to have the usury question determined. This they have a right to do.

To counter this situation, the Industrial Bank of Richmond, in its answer, expressly waives any deficiency that it may be entitled to recover from the Lemons as makers of the mortgage notes. On behalf of the bank it is urged that waiver has the effect of destroying any rights which the Lemons might otherwise have had, either to litigate the question of usury themselves or to authorize a subsequent purchaser to litigate that question. We cannot adopt this view. The value of the right which the bank thus attempts to surrender might readily prove to be much less than the amount of usury in the debt, if in fact there be usury. And, in any event, attempted waiver comes too late to accomplish the purpose thereby sought to be accomplished. The right of the Hatfields under the asignment had already crystallized. The assignees thus having obtained the right to raise the question of usury, cannot be deprived of that right by any voluntary action on the part of the bank, which does not recognize the alleged usury.

Another matter presented by the pleadings is this: The deed of trust executed by the Lemons was acknowledged by them before Floyd M. Sayre, notary public. Subsequent to the two succeeding conveyances aforesaid the said Sayre, by order of the circuit court of Raleigh County, was appointed a trustee under the said deed of trust in the place of one of the original trustees who had left the state. It is said that it was improper for him to be substituted as a trustee because of his having been the notary before whom the trust was acknowledged. And on this ground, it is said that the deed of trust is void as to subsequent purchasers of the property. None of the parties in interest is in position to com-

plain of the substitution of Sayre as a trustee, because the said substitution was made by the court after due notice to all the parties that on a day certain the Industrial Bank of Richmond would move the court to substitute Sayre as trustee. The notice was specific in detail, even to the naming of Sayre as the person whom the court would be asked to substitute. There was no appearance, and consequently no protest, by any of the parties. It is too late now for any of them to raise the question of the propriety of Sayre's appointment.

It was within the sound discretion of the circuit court to deny the appointment of a special receiver, and in our judgment the record presents no facts which would warrant us in reversing the action in that particular. *Lamp* v. *Building Association,* 62 W. Va. 56, 57 S. E. 249.

One of the objects of the bill is to obtain discovery of the Industrial Bank of Richmond with reference to the alleged usury. No officer of the bank is made a party defendant. In the absence of such party, discovery cannot be had. "A bill cannot be maintained against a corporation for discovery without making a proper officer of it a party." *Munson* v. *Ins. Co.,* 55 W. Va. 423, 47 S. E. 160.

The decree of the circuit court refusing to dissolve the temporary injunction and overruling a motion for appointment of a special receiver is affirmed.

*Affirmed.*