[No. 22060–8–I.   Division One.   February 20, 1990.]

CHRIS DEMOPOLIS, *Appellant,* v. DALE J. GALVIN, *as Trustee,* ET AL, *Respondents.*

48

*James E. Lobsenz* and *Anne M. Wehrly,* for appellant.
*Dale J. Galvin,* pro se.

*Jordan Hecker* and *Watson & Longley,* for respondents Benedict, et al.

WINSOR, J.—In 1984, defendants/respondents Helen and Donald Oltman and Lorna Benedict (hereinafter Lenders), loaned $18,000 to Irene Primeau and a coborrower. The loan was secured by a deed of trust on residential real property owned by Primeau, and was evidenced by an installment note. The interest stated on the face of the note was not usurious.

Primeau sold the encumbered property to Chris Demopolis for $35,000 in October 1985. The sale was made subject to Lenders' deed of trust. The trial court found that Demopolis did not assume the loan, note, or deed of trust.[1] It is undisputed, however, that Demopolis did thereafter make Primeau's loan payments. Contemporaneously with the sale, Demopolis granted Primeau a 6–month repurchase option on the property.

Less than 2 weeks after the sale, Primeau and Demopolis inspected documents related to Lenders' loan. They discovered that as a result of a $3,000 loan broker's fee, the loan had a usurious effective annual interest percentage rate of 21.04 percent. Primeau subsequently assigned Demopolis "all causes of action arising from all the loans I was forced to take out to protect myself from the county [and] all proceeds and monies derived from these actions".[2]

Demopolis satisfied existing arrearages on Lenders' loan and made monthly payments on it until April 1986, when he advised Lenders that he would make no additional payments. Lenders instituted a nonjudicial foreclosure on the deed of trust. Demopolis asserted usury defenses and

---

[1]No error is assigned to this finding and it is a verity on appeal. *Metropolitan Park Dist. v. Griffith,* 106 Wn.2d 425, 433, 723 P.2d 1093 (1986).

[2]Primeau had been involved in lengthy litigation with King County. *E.g., King Cy. v. Primeau,* 98 Wn.2d 321, 654 P.2d 1199 (1982). Proceeds from the $18,000 loan that is the subject of this appeal were used to pay costs associated with that litigation.

Lenders suspended the foreclosure pending litigation of the usury claims. Demopolis then filed a complaint to determine usury; for damages, including a Consumer Protection Act (CPA) claim; and for injunctive relief.

Demopolis' claims were tried to the court. The judge found that the loan was not within the commercial exception to the usury laws, and that due to the loan fee, the loan was usurious. Nevertheless, the trial court dismissed Demopolis' usury claims because it concluded that Demopolis was not in legal privity with Primeau, and usury claims and defenses are not assignable. The trial court also dismissed Demopolis' CPA claim.

### DISMISSAL OF USURY CLAIMS

As a general rule, only the original debtor and those in privity with him or her can assert the defense of usury. *A.A.C. Corp. v. Reed,* 4 Wn. App. 777, 779–80, 483 P.2d 1293 (1971). One who purchases encumbered property from the original borrower, but does not assume liability on the underlying note, is not in privity for usury purposes. *A.A.C. Corp.,* 4 Wn. App. at 779.

Several rationales support this general rule. First, the public policy underlying our usury laws to protect borrowers "driven to borrow money at any cost", *Baske v. Russell,* 67 Wn.2d 268, 273, 407 P.2d 434 (1965), is inapplicable to a subsequent purchaser. The subsequent purchaser "is perfectly free and unfettered, can buy the property or not as he chooses, and when he does he buys at the best price he can get it at". Annot., *Right of a Purchaser Assuming a Mortgage Debt, With the Authorization of the Mortgagor, To Set Up Usury in Mortgage as a Defense or Rely Upon it as a Ground of Relief in Equity,* 82 A.L.R. 1153 (1933). Second, because the subsequent purchaser knows that the property being purchased is encumbered, he or she may be estopped from asserting the original debtor's usury claim. *See, e.g., Berk v. Isquith Prods.,* 98 N.J. Eq. 608, 131 A. 526 (1926). Finally, a

> mortgage debt does not represent a stipulation to pay interest for the use or detention of money. It represents a flat sum, a

part of the stipulated purchase price, which . . . the grantor has required the purchaser to pay . . ..

*Norton v. Commerce Trust Co.,* 71 F.2d 136 (5th Cir. 1934).

There are exceptions to the general rule requiring privity. One permits a subsequent purchaser to assert usury when the original debtor joins in the claim, or gives the purchaser consent or authorization to pursue the claim. *See generally* Annot., 82 A.L.R. 1153, *supra.* Demopolis contends that this exception applies here. To this end, he assigns error to the trial court's failure to make a finding of fact as to whether or not he had Primeau's consent to raise her usury claims and defenses against Lenders.

██ We decline to reach the merits of this assignment of error.[3] There is no evidence in the record that a proposed finding on consent was presented to the trial court. If it was, Demopolis does not set it out verbatim in his brief. This violates RAP 10.3(g) and 10.4(c), and is grounds for refusing to consider this issue. Additionally, the absence of findings on an issue for which a party had the burden of proof is presumed to result from a lack of proof on the issue. *E.g., Smith v. King,* 106 Wn.2d 443, 451, 722 P.2d 796 (1986).

██ Demopolis next contends that his usury claims were improperly dismissed because the trial court erroneously concluded that usury claims and defenses are not assignable. The trial court apparently concluded that because the usury statute is penal, usury claims cannot be assigned. We agree with this conclusion insofar as it applies to Demopolis' statutory usury claims.

---

[3]Were we to reach the merits of this issue, it is unlikely that we would find the consent exception applicable. Although the issue is one of first impression in Washington, we note that all cases where the exception has been recognized are ones in which the original borrower was a party to the litigation, remained liable for a deficiency judgment, or gave consent as part of the consideration for the conveyance. *Hatfield v. Sayre,* 111 W. Va. 514, 163 S.E. 34, 82 A.L.R. 1148 (1932); *Bovit v. Mantel,* 108 N.J. Eq. 11, 153 A. 638 (1931); Annot., 82 A.L.R. 1153, *supra.* None of these factors is present here.

A cause of action for the recovery of a penalty is not assignable absent specific statutory authorization. *Heitfeld v. Benevolent & Protective Order of Keglers,* 36 Wn.2d 685, 691, 220 P.2d 655, 18 A.L.R.2d 983 (1950). A statutory cause of action allows for recovery of a penalty when it imposes an obligation to pay an amount beyond compensation sufficient to make the injured person whole. *Heitfeld,* 36 Wn.2d at 694.

RCW 19.52.030(1) provides that if a loan is usurious, the creditor is entitled to only "the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest". The creditor must pay all of the debtor's costs and reasonable attorney fees, and reimburse the debtor for amounts paid that exceed the amount to which the creditor is entitled.

■ These provisions mandate damage awards exceeding compensation sufficient to make the injured party whole. We therefore conclude that RCW 19.52.030(1) allows for recovery of a penalty. Accordingly, we hold that under *Heitfeld,* a statutory usury cause of action cannot be assigned.[4]

Demopolis relies on *State v. Ralph Williams' North West Chrysler Plymouth, Inc.,* 82 Wn.2d 265, 278, 510 P.2d 233, 59 A.L.R.3d 1209 (1973), as support for a different result. The *Ralph Williams'* court stated that the existence of penalties in an act does not necessarily make the act penal. However, this statement was made in conjunction with an analysis of whether the CPA's penalty provisions required the act to be interpreted under the strict rules of construction pertaining to penal statutes. 82 Wn.2d at 278. We are not here concerned with construction of RCW 19.52.030(1), but rather with whether or not the statute

---

[4]The only other jurisdiction to have addressed the assignability of a statutory usury claim in recent years reached the same result. *See Smart v. Crawford Bldg. Material Co.,* 638 S.W.2d 228, 230–31 (Tex. Ct. App. 1982) (refusing to recognize an attempted usury claim assignment because Texas' usury law was penal).

allows for recovery of penalty. *Ralph Williams'* is therefore inapposite.

■■ Our holding that statutory usury claims cannot be assigned does not encompass common law usury claims. Statutory usury remedies do not abrogate the common law action to recover usurious interest. *Flannery v. Bishop,* 81 Wn.2d 696, 700, 504 P.2d 778 (1972); *Lee v. Hillman,* 74 Wash. 408, 415–17, 133 P. 583 (1913). The common law action is nothing more than an action to recover unlawfully taken money or property. *Lee,* 74 Wash. at 416. As such, the common law usury action is remedial, and the rule of *Heitfeld,* that penal claims cannot be assigned, does not apply.

Lenders do not dispute that common law usury claims are assignable. Instead, they argue that the Primeau–to–Demopolis assignment is invalid and unenforceable and therefore does not allow Demopolis to assert any usury claims, including those derived from common law. They claim that the assignment fails for lack of specificity as to which loans and claims were assigned, and for lack of irrevocability.

■ A valid assignment must describe the subject matter of the assignment "with such particularity as to render it capable of identification." 6A C.J.S. *Assignments* § 46 (1975); *accord,* 6A C.J.S., *supra* § 49. "No greater particularity, however, is required than is actually necessary to do this, with the aid of the attendant and surrounding circumstances." 6A C.J.S., *supra* § 46.

Here, it is undisputed that Primeau did not make the assignment until after she and Demopolis went to the loan broker and it became clear that she was being charged a usurious rate. The loan at issue is within the general nature of the assigned claims: "loans . . . to protect [Primeau] from the county." We find this sufficient to establish that the broad language of Primeau's assignment includes Lenders' loan. *See generally Andrews v. Adams Drive, Ltd.,* 142 Ga. App. 32, 234 S.E.2d 835 (1977) (upholding an assignment of accounts receivable).

Alternatively, Lenders argue that the assignment is invalid because it does not comply with the rule that for an assignment to be valid, the assignor must relinquish all control and rights or power of revocation over the subject matter of the assignment. *Mercantile Ins. Co. of Am. v. Jackson*, 40 Wn.2d 233, 236, 242 P.2d 503 (1952). Lenders contend that Primeau's option to repurchase the encumbered property establishes the revocable nature of her assignment.

Lenders' argument is meritless. Primeau's option to repurchase does not empower her to revoke the assignment. Even if Primeau had exercised her repurchase option, the assignment of her "chose in action" would not have been affected. *See generally Amende v. Morton*, 40 Wn.2d 104, 106–07, 241 P.2d 445 (1952) (an assignment of a cause of action is complete if the assignor is divested of all control and right to the cause of action and the assignee is entitled to control it and receive its fruits).

We hold that common law usury claims are assignable and that Primeau effectively assigned such claims to Demopolis. The trial court's dismissal of Demopolis' common law usury claim is therefore reversed and the claim is reinstated.

## CONSUMER PROTECTION ACT CLAIMS

Demopolis next contends that the trial court erred when it dismissed his CPA claims against Lenders. Demopolis' CPA claims are based upon his alleged injury resulting from having had to bring suit to protect against Lenders' foreclosure action. This alleged injury is insufficient to satisfy the injury element of a private CPA claim.[5]

---

[5]The cases upon which Demopolis relies, *St. Paul Fire & Marine Ins. Co. v. Updegrave*, 33 Wn. App. 653, 656 P.2d 1130, 35 A.L.R.4th 1 (1983), and *Tallmadge v. Aurora Chrysler Plymouth, Inc.*, 25 Wn. App. 90, 605 P.2d 1275 (1979), were decided before the Supreme Court redefined the injury element in *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–85, 792, 719 P.2d 531 (1986).

To establish a private CPA claim, a plaintiff must establish that the defendant's unfair act resulted in injury to plaintiff's business or property. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 784–85, 792, 719 P.2d 531 (1986). Demopolis failed to establish this element.

Demopolis did not pay the broker's loan fee that causes this transaction to be usurious. Instead, he is paying a legal rate of interest on an $18,000 note, which is nothing more to him than part of the stipulated purchase price for the Kirkland property. *See, e.g., Norton,* 71 F.2d at 137. It is therefore irrelevant to him whether Primeau, the recipient of the loan proceeds, received funds representing the full amount of the loan, or an amount substantially reduced by a usurious loan fee. We hold that in this circumstance, no CPA injury is present.

### Attorney Fee Claims

We next address whether the trial court erred in denying Lenders' request for attorney fees. Lenders claim that as the prevailing party, the loan documents and deed of trust entitled them to a fee award under RCW 4.84.330.[6]

In a statutory usury action, a lender who seeks to enforce a usurious loan contract may not recover attorney fees or costs, even when it prevails as to part of its claim. *Aetna Fin. Co. v. Darwin,* 38 Wn. App. 921, 691 P.2d 581 (1984), *review denied,* 103 Wn.2d 1019 (1985); *Libert v. Unfried,* 47 Wash. 186, 193, 91 P. 776 (1907). In large part, this is because under RCW 19.52.030(1), a usurious lender is *"only . . .* entitled to the principal, less [certain penalties, costs, and the debtor's attorney's fees]". *Aetna,* 38 Wn. App. at 929 (quoting RCW 19.52.030(1)). This provision strips a usurious creditor of its right to attorney fees and

---

[6]RCW 4.84.330 provides in pertinent part:

"In any action on a contract or lease . . . where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party . . . shall be entitled to reasonable attorney's fees".

costs under other statutory provisions, or those contained in the loan agreement. *Aetna*, 38 Wn. App. at 930.

Here, Demopolis is unable to pursue usury claims under RCW 19.52.030(1). Therefore, *Aetna* is not controlling. Nevertheless, we hold that because this litigation involves a loan usurious under RCW 19.52.020,[7] Lenders are not entitled to a fee award. To hold otherwise would contravene this State's strong policies of protecting its residents from debts bearing burdensome interest and of penalizing those who violate the usury laws. RCW 19.52.005; *cf. Bakke v. Buck*, 21 Wn. App. 762, 768–69, 587 P.2d 575 (1978) (creditors who prevailed by having no affirmative relief entered against them for usurious transaction not entitled to award of attorney fees allowed for by underlying note). For the same reason, Lenders' request for fees incurred on appeal is denied.

▮▮ Demopolis concedes that attorney fees are not allowed under a common law usury claim. Since this is the only cause of action reinstated on appeal, his fee request is also denied.

With the exception of Demopolis' common law usury claim, which is reinstated, the judgment of dismissal is affirmed. Fees and costs are denied to all parties.

SCHOLFIELD and PEKELIS, JJ., concur.

Reconsideration denied March 27, 1990.

Review denied at 115 Wn.2d 1006 (1990).

---

[7]Lenders argue on cross appeal that the trial court erroneously concluded that the loan to Primeau was not within the purview of the commercial exception to the usury laws. We find no merit to their arguments. The trial court's finding that evidence concerning the commercial nature of the loan was inconclusive is amply supported by the record, and the trial court properly placed the burden of proof of the applicability of the exception upon Lenders. "[T]he absence of an exemption under RCW 19.52.080 is not an element of usury", *Aetna*, 38 Wn. App. at 925, and therefore need not be proven by the party asserting usury.