JOHN EISELE AND NATHANIEL KING, PARTNERS, TRADING AS EISELE & KING, RESPONDENT, v. ELIAS RAPHAEL, APPELLANT.

Argued December 1, 1916—Decided June 18, 1917.

Rule 80 of the Supreme Court declares that a frivolous or sham plea may be stricken out, upon proper affidavit in support of a motion for that purpose, unless the defendant by affidavit or other proof shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend. Under this rule the finding of the judge must be taken as true until the contrary appears, and this is so when an appeal is taken from such an order as permitted by section 15 of the Practice act of 1912.

On appeal from an order of the Supreme Court striking out answer and entering judgment.

For the appellant, *Levitan & Levitan.*

For the respondent, *Edgar W. Hunt.*

The opinion of the court was delivered by

BERGEN, J. This action was brought by the plaintiffs to recover from the defendant a balance due on an account relating to the purchase and sale of the capital stock of certain corporations, bought and sold on what is commonly called a margin, which it is alleged the defendant refused to take up and pay for, and thereupon plaintiffs sold the stocks on the New York stock exchange for less than they cost. The defendant had made a deposit to be applied on account of such purchases pledging the stock to secure the balance of the purchase price advanced by the plaintiffs, and recovery is sought for the difference between the sum of the proceeds of the sale and deposit and the cost. The answer denied each paragraph of the complaint in such a manner as to amount to a general denial of all the allegations set out in it, and then stated, as separate defences—(1) that the complaint did not state a cause of action. We think that the complaint does state a

cause of action; (2) that defendant had on deposit with the plaintiffs certain shares of stock which they sold without sufficient notice to the defendant; (3) that when the deposit of the defendant was exhausted plaintiffs continued to buy and sell stocks for the defendant's account without demanding an additional margin. This, if true, would be no defence if the defendant gave orders to purchase and they were executed, for it was nothing more than extending him credit. Defendant also filed a counter-claim for the deposit and an alleged conversion of stock which the defendant claims the plaintiffs had purchased for him. The plaintiffs moved to strike out the answer and counter-claim as frivolous and sham, which motion was heard by a justice of the Supreme Court on affidavits read on behalf of plaintiffs and answering affidavit of the defendant. The justice struck out the answer and counter-claim and ordered a judgment for plaintiffs from which the defendant has appealed.

That an order striking out an answer and the entering of a summary judgment rested in discretion and was not the subject of a writ of error, prior to the Practice act of 1912, has been long settled in this state and is not open to argument (*State Mutual Building and Loan Association* v. *Williams*, 78 *N. J. L.* 720), but it is claimed that the Practice act of 1912 has altered the rule in this state. This is so to the extent of allowing an appeal and a review of such an order.

Section 15 of the new Practice act (*Pamph. L.* 1912, *p.* 380) provides that "subject to rules, any frivolous or sham defence to the whole or any part of the complaint may be struck out; or, if it appear probable that a defence is frivolous or sham, defendant may be allowed to defend on terms. Defendant, after final judgment, may appeal from any order made against him under this section."

This section being made expressly "subject to rules" must be read in connection with rules 80 to 84, inclusive, relating to the entry of summary judgments. Rule 80 provides that "the answer may be struck out and judgment final may be entered upon motion and affidavit as hereinafter provided, unless the defendant by affidavit or other proofs shall show

such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend."

Rule 81 requires that the motion to strike out be made upon affidavit of "the plaintiff or that of any other person cognizant of the facts, verifying the cause of action, and stating the amount claimed, and his belief that there is no defence of the action." Reading the rules, to which the statute is subject, and the statute together, a plaintiff will be entitled to a summary judgment upon presenting an affidavit complying with rule 81, which should set out fully the facts upon which the cause of action is based, unless the defendant by affidavit or other proof shall show facts deemed by the judge hearing the motion sufficient to entitle him to defend. This confers upon the judge the power to determine the sufficiency of the facts set up by the defendant, and his conclusion that they are not sufficient should not be set aside unless the sufficiency clearly appears. In the present case, the affidavits of the plaintiffs show that they were stock brokers; that defendant deposited with them a margin to cover stock purchases; that he ordered purchases and sales and that they advanced to him the difference between the cost of the stock and the deposit holding the stock in pledge to secure the repayment of such advances; that each purchase and sale was reported to the defendant on a printed statement containing a notice that it was understood and agreed between the defendant and plaintiffs that all stock bought for the defendant, and so held in pledge, could be sold without demand for a further margin, or notice of a sale of the stock whenever such sale was deemed necessary by the plaintiffs for their protection: that defendant refused on demand to take up and pay for the stock purchased for him or to deposit additional money to protect the plaintiffs from loss, and that they thereupon sold the stock in the open market at public sale on the New York stock exchange to protect them from further loss; that the stock did not sell for a sum which, with the deposit added, was sufficient to cover the cost, and that having exhausted the pledge there still remained a balance due to them. Without further statement of plaintiffs' proofs submitted to the judge,

it is sufficient to say that by them it was conclusively shown that defendant was liable to the plaintiffs for the amount claimed.

The facts set up by the defendant's affidavit are these—(a) that he never read the agreement giving the plaintiffs the right to sell the stock without demand or notice. This, if true, would not be a defence, for the agreement was printed on every statement sent him for each purchase and sale, about eighty in number, and these he accepted and held as evidence of his contract of purchase; (b) that he did not order plaintiffs to buy certain stocks which are specifically set out, but, in the next paragraph of his affidavit, he says that these purchases were not made in September, 1915, as he had previously testified, "but by the notices in my possession appear really to have taken place in October." This is an admission that he had notice of the purchase of this stock, and he says in one of his affidavits, "I did not object when I found out because I thought the said Pope was doing the right thing by me." He now claims that these purchases were not made by his order, but, if this be true, it was his duty to object at once and not wait and have them held for him with the expectation of a profit, to be repudiated if he subsequently found that the purchase resulted in a loss. He had an account with the plaintiffs to whom he admits that he gave numerous orders to purchase and sell stocks, and, as soon as he found out that a purchase had been made for him which he had not ordered, it was his duty to promptly disavow it and not speculate on the result, which, if favorable, he could avail himself of, and, if unfavorable, repudiate. Under the facts set out in his own affidavit his conduct amounted to a ratification of the purchase; (c) that he never ordered plaintiffs to purchase two lots of stock which he names, but as the purchase and sale of these two lots resulted in a profit to him he suffered no loss, for his account has been credited with the profit and does not enter into this controversy except to his advantage; (d) that he was not given notice to make any additional deposit of a margin. This was not required under his contract, and he knew that at any time he could take up the stock purchased for him by paying the balance due.

There is nothing in the defendant's affidavit which entitles him to have this court reverse the finding of the judge that he deemed the facts shown by the defendant to be insufficient to entitle him to defend.

The record shows that from September 7th to November 1st, 1915, a period of less than two months, this defendant dealt in over two thousand seven hundred shares of stock at a total cost of $134,821, and that over eighty purchases and sales were made for him by the plaintiffs from which he reaped a profit in nearly every case except in the five transactions which he now seeks to repudiate, which shows that he was an active and rather a liberal speculator in stocks, and, in most instances, a successful one.

The order of the judge in this case declares that the answer filed is frivolous and a sham, and that the defendant failed to show such facts as he deemed sufficient to entitle him to defend. The finding of the judge must be assumed to be true until the contrary appears, and, as it does not appear in this case, the finding must be taken as correct.

Striking out a sham or frivolous plea is not an infringement of the right of trial by jury. A plea of general issue, although it denies the entire claim of the plaintiff, and, apparently, raises a question of fact, is not protected for that reason against a motion to strike out as sham or frivolous. *Coykendall* v. *Robinson,* 39 *N. J. L.* 98.

As to the counter-claim based upon the conversion of stock, we do not perceive how there could be a conversion, to defendant's injury by the sale of stock to raise the money necessary to pay a loan for the security of which the stock was pledged.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, PARKER, JJ. 3.