ETHEL GEE ET AL., PLAINTIFFS-RESPONDENTS, v. INDE-
PENDENT BONDING AND CASUALTY INSURANCE
COMPANY, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the defendant-appellant, *Bilder & Bilder.*

For the plaintiffs-respondents, *Meyer M. Semel.*

The opinion of the court was delivered by

BROGAN, J. This case presents an appeal from an order of the Essex County Circuit Court striking out the answer of the defendant. The facts are as follows:

The plaintiffs sued Sarah Moss and Sigmund Moss for injuries arising out of an automobile accident and recovered a judgment against those defendants. A rule to show cause was applied for, allowed, argued and made absolute, on the question of damages only. A new trial as to damages only resulted in an increased verdict. Execution was issued against those defendants and returned unsatisfied. Plain-

tiffs unable to have their judgment satisfied then brought suit against the Independent Bonding and Casualty Insurance Company, the insurer of Sarah and Sigmund Moss.

In one of the affidavits filed on the motion to strike out, it is alleged that the policy of insurance was issued to Sarah Moss only and not to Sigmund Moss, but that, even if it be true, is immaterial.

Upon answer being filed in the court below by the Independent Bonding and Casualty Insurance Company, motion was made to strike out certain paragraphs of the answer as "sham, frivolous and untrue" and to strike out the separate defenses of the answer because "the same are frivolous." An order was entered, striking out the answer as "sham and/or frivolous."

It is possible of course for an answer to be both sham and frivolous. A sham answer is one that is false in fact and which must be shown to be so by competent proof before it will be stricken out. A frivolous answer is one that may be in fact true but constitutes no defense to the charge. See *In re Beam*, 93 *N. J. Eq.* 593; *Fidelity Mutual Life Insurance Co.* v. *Wilkes-Barre and Hazelton Railroad Co.*, 98 *N. J. L.* 507; *Milberg* v. *Keuthe*, 98 *Id.* 779.

Many grounds of appeal are set forth in the state of case and those that have not been expressly abandoned are grouped under two headings; that the judgment is contrary to law; that attacking the separate defenses as frivolous admitted their truth in fact and if true the defendant should have been permitted to defend; that the defendant's proof was sufficient to entitle it to defend; that the answer is not sham or frivolous and that the evidence below did not justify the court in striking out the answer.

The second point made is that the affidavit in support of the plaintiff's motion to strike out the answer and for summary judgment was insufficient.

The point that the judgment is contrary to law is of course a general statement and of necessity is predicated upon the grounds for reversal set forth under the points above mentioned.

The several grounds for reversal as argued in appellant's brief we find without merit. The affidavit supporting the plaintiff's motion to strike out is a sufficient verification of the plaintiff's claim. Many of the allegations therein are matters of record in the court in which this action was tried. The argument on this appeal boils down to this, that the attack upon the separate defenses is not properly made. We find this contention to be without substance. The notices attacking the answer on the separate defenses are broad enough to justify the trial judge in striking out the same upon his finding "that the defenses made by the defendant's answer is sham" and that the defendants "after due notice have failed to answer such facts as entitled them to defend." In the forefront of the counsel's reasoning for reversal seems to be the idea that if an answer is attacked on the ground that it is frivolous and it turns out to be a sham answer, that the trial court erred in striking out the answer on the ground that it was sham, because it had been attacked, not as sham but as frivolous. We cannot agree with this captious theory for when such a pleading is attacked all of its frailities are under judicial scrutiny, and if it is lacking in the essentials and offers no defense, it is properly stricken out. *Coxe* v. *Higbee*, 11 *N. J. L.* 395.

The action of the trial court is again attacked upon the ground that the record contains no proof of insolvency or bankruptcy of the prior defendants, Sarah and Sigmund Moss. It was proved and not denied in any way that an execution was issued against Sarah and Sigmund Moss and returned unsatisfied, and it is urged that this does not constitute proof of insolvency within the meaning of the policy of the insured.

The court said in the case of *Horn* v. *Commonwealth Casualty Co.*, 105 *N. J. L.* 616: "It is hard to conceive a more cogent proof of inability to answer pecuniary engagements than the return of the execution unsatisfied." That case further held that a return of an execution unsatisfied constituted *prima facie* proof of insolvency. Manifestly, on this point, it was the duty of the defendant insurer to offer

proof of the *solvency* of these parties if it would escape liability under its policy.

It might be well to deal with the separate defenses *seriatim*.

The first separate defense alleges that the insured breached the covenants of the policy by not giving immediate notice to the company; by failing to assist in affecting a settlement; by getting evidence, attendance of witnesses, &c.; by failure to co-operate; by interference with negotiation of settlement; by operating the insured vehicle contrary to the terms of the policy; by using it for commercial purposes, &c. Suffice it to say that none of these allegations have been proven. On the other hand, there is proof that notice had been received by the insurer, on November 22d, 1928, two days after the accident. The defendant's answer to this is not a denial that it received notice but a statement that it cannot find its record with regard to it. None of the other points are substantiated. The plaintiff's proofs, on the motion to strike, deal with these several allegations with particularity, disposing of them to the satisfaction of the trial court and properly.

As to the second separate defense, that there was misrepresentation in procuring the policy, there is nothing in the appellant's proof to sustain this contention.

The third separate defense was abandoned.

The fourth separate defense as to failure to prove that the insured parties were insolvent has been disposed of in the discussion above and there is nothing to support the allegations of the fifth separate defense that the insured vehicle was being driven in a manner that violated the terms of the policy.

The order appealed from is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.