LENA GOLDBERG, ADMINISTRATRIX OF THE ESTATE OF BENJAMIN GOLDBERG, DECEASED, PLAINTIFF, v. MORITZ FISHER AND ROSE FISHER, DEFENDANTS.

Decided July 21, 1933.

For the plaintiff, *Zucker & Goldberg.*

For the defendants, *Nathan H. Berger.*

UNGER, S. C. C. The plaintiff has brought on before me as a Supreme Court commissioner, by notice of motion and affidavits, an application for an order striking out the answer of the defendants. The motion is to strike the answer upon the grounds that it is in part sham and in part frivolous. No application for a summary judgment is made, and the affidavits submitted on behalf of the plaintiff do not conform with the requirements of the Supreme Court rules relating to affidavits and the verification of the cause of action upon a motion for summary judgment.

The suit is on a bond accompanying a mortgage given to secure the payment thereof. The complaint alleges that the obligors, Moritz Fisher and Rose Fisher who are the defendants, conveyed the mortgaged premises to Fisher Grocery Company, a corporation. The deed of conveyance contained a provision to the effect that it was made "subject to a mortgage held by the Mutual Savings Fund Harmonia in the amount of $8,500, and a second mortgage upon which there is now due the sum of $1,900." The bond upon which this action is brought was given in connection with the last mentioned mortgage.

The complaint further alleges that the first mortgage was foreclosed and that the property was purchased at a sheriff's sale by the holder of that mortgage for a sum less than the amount adjudged to be due on the first mortgage, so that nothing was realized by the present plaintiff upon its second mortgage and that a deficiency is due thereon to the extent of the entire unpaid balance. The complaint charges that there is due the sum of $1,900 besides interest, which the defendants have refused to pay. The answer denies the last mentioned allegation and puts the plaintiff to her proof upon the allegation that she is the executrix of Benjamin Goldberg, deceased, to whom the defendants originally executed and delivered the bond and mortgage. The answer admits the other allegations of the complaint, and sets up six separate defenses.

At the outset the question arises whether or not a Supreme Court commissioner is authorized to entertain a motion to strike out an answer and defenses. Rule 92 of the Supreme Court, set up as one of the several rules relating to preliminary references, provides that the Supreme Court may designate for each county one or more of the Supreme Court commissioners, "who shall have the authority herein given." By force of this rule, promulgated in 1912, the designation by the Supreme Court of any person as a Supreme Court commissioner vests in the latter the authority thereafter given. Rule 93, adopted in June, 1926, gives to the Circuit Court judges of this state theretofore or thereafter appointed Supreme Court commissioners authority to hear and determine all motions preliminary to trial as specified in rules 94 and 95, and in such other rule thereafter promulgated. This is a distinct provision and nowise dependent upon rule 92.

Rule 94, likewise adopted in 1912, gives to "such commissioners respectively," authority to make such orders as the court might make and as may be just in respect to the following matters, subject to appeal after final judgment: Objections to pleadings, amendments thereof, striking out pleadings, and leave for additional pleadings. Settlement of issue. Bills of particulars. Admissions. Interrogatories. Discovery of and inspection of books, papers and other documents. Examination of parties before trial. Any other interlocutory

matter preliminary to and in preparation for trial. (Rule 63, Practice act, 1912, as amended June, 1926.)

By force of the foregoing rules the authority is conferred on a Supreme Court commissioner to make an order with respect to the matters therein enumerated. Such authority is sufficient to cover the present motion, which presents an "objection to pleadings" and an application to strike out an answer.

Returning to the merits of the application, it appears from the affidavits that the plaintiff duly qualified as executrix of the estate of Benjamin Goldberg, deceased, before the surrogate of Essex county, New Jersey, but nothing is contained in the affidavits submitted on behalf of the defendants on this subject.

The affidavits of the plaintiff charge that there is due on the bond and mortgage the sum of $1,900 with interest from Apirl 15th, 1932, and that the defendant Moritz Fisher admitted to the attorney for the plaintiff that this sum was due, in a conversation had at the office of the attorney shortly before suit was instituted. The affidavits further substantiate the allegations of the complaint that demand for payment was made upon the defendants and the latter failed to comply with the demand. This allegation of demand for payment and refusal on the part of the defendants to make payment is denied by the answer, but the denial is not substantiated by the affidavits submitted by the defendants and will therefore be stricken out as sham. An issue of fact is raised, however, upon the allegation that the sum of $1,900 with interest is due. The affidavits of the defendant set up that when the mortgage loan was made the mortgagee exacted a bonus in the sum of $625 in violation of the Usury act. The claim is made that the defendants are entitled to a credit for this amount and for the sum of $420 representing interest paid on the mortgage loan. Although under the statute the defendants would at most be entitled to a credit for such interest as was paid in excess of the legal rate, and not for all interest paid (*Hintze* v. *Taylor*, 57 *N. J. L.* 293; 30 *Atl. Rep.* 551; *Kohn* v. *Kelly*, 76 *N. J. Eq.* 132; 79 *Atl. Rep.* 419; *Kobrin*

v. *Hull,* 96 *N. J. Eq.* 41; 124 *Atl. Rep.* 365), an issue of fact is raised as to the amount presently due to the plaintiff.

It is contended by the plaintiff that the defendants are estopped from pleading usury because they conveyed the mortgaged premises to Fisher Grocery Company, a corporation, and in the deed of conveyance it was recited that the conveyance was made subject to a second mortgage upon which there is due the sum of $1,900, the reference being to the mortgage given together with the bond upon which this action is brought. No estoppel is brought about between the mortgagor and mortgagee by such a transaction. The mortgagor's grantee is precluded from setting up the defense of usury under such circumstances because he has retained out of the purchase price a sum sufficient to pay the mortgage debt in the amount provided for in the deed of conveyance. But as to the mortgagor no similar or equivalent situation exists. The taint of usury is not removed but still exists in all its original force. There is no showing that the original mortgagor waived his right to set up the defense of usury. It is still available to the plaintiff. *Scull* v. *Idler,* 79 *N. J. Eq.* 466; 81 *Atl. Rep.* 746; *Berk* v. *Isquith Productions, Inc.,* 98 *N. J. Eq.* 608; 131 *Atl. Rep.* 526.

That affidavits may be considered upon an application to strike out the whole or part of an answer as being sham, notwithstanding the fact that no application for a summary judgment accompanies such a motion is evident from section 15 of the Practice act of 1912 which -provides among other things:

"(a) Subject to rules, any frivolous or sham defense to the whole or to any part of the complaint may be struck out; or, if it appears probable that the defense is frivolous or sham, defendant may be allowed to defend on terms. Defendant, after final judgment, may appeal from any order made against him under this section."

In *Eisele & King* v. *Raphael,* 90 *N. J. L.* 219; 101 *Atl. Rep.* 200, Mr. Justice Bergen, speaking for the Court of Erros and Appeals, said of this section:

"This section being made expressly 'subject to rules' must be read in connection with rules 80 to 84 inclusive, relating

to the entry of summary judgments. Rule 80 provides that 'the answer may be struck out and judgment final may be entered upon motion and affidavit as hereinafter provided, unless the defendant by affidavit or other proofs shall show such facts as may be deemed, by the judge hearing the motion sufficient to entitle him to defend.' "

Rules 80 to 84 inclusive, referred to by the Court of Errors and Appeals, provide for the presentation of affidavits on application for the entry of a summary judgment. Reading section 15 of the Practice act together with rules 80 to 84, it is manifest that in moving to strike the whole or a part of an answer upon the ground that it is sham, the question whether or not it is sham is to be determined by affidavits to be submitted by the parties. It is open to the defendant to show by affidavits or other proof, facts which shall be deemed by the judge hearing the motion to be sufficient to entitle the defendant to defend. An allegation that a defense is sham connotes that it is false in fact. Obviously the determination of such a question is to be decided by a consideration of facts, appropriately presented by affidavits or other competent proof. *Gee* v. *Independent Bonding and Casualty Insurance Co.*, 109 *N. J. L.* 563; 162 *Atl. Rep.* 644.

The first separate defense alleges that the plaintiff agreed with the defendants that she, the plaintiff, would attend the sheriff's sale and purchase the premises and thereby satisfy the indebtedness of the defendants to the plaintiff; that the defendants relied on this promise and failed to attend the sheriff's sale, resulting in the premises being sold for an amount below the true value of the premises. This defense, if true, does not amount to a release of the bond obligation, or to an agreement that the plaintiff would not hold the defendants on the bond if they remained away. It is not alleged that any consideration supports the agreement alleged to have been made. These statements do not constitute a defense and will be stricken out as frivolous.

The second defense alleges that the plaintiff's intestate exacted a usurious bonus in the sum of $625 for which the defendants are entitled to a credit and that they are likewise entitled to a credit of $420 representing interest paid on

the allegedly usurious transaction. As has already been stated, an issue of fact is presented by the affidavits to the extent that they allege payment of a bonus and of interest in excess of the legal rate.

The third defense alleges that there has not been a complete exhaustion of the mortgaged premises by the sheriff's sale. This defense is embraced within the fifth and sixth defenses and will be considered together with them.

The fourth defense alleges that the complaint does not set forth a cause of action. In my opinion it does. It is not lacking in any essential allegation, and the schedules annexed to it contain copies of the bond and mortgage. This defense is frivolous.

The fifth defense alleges that the action is prematurely brought, contending that the plaintiff did not comply with the provisions of the statute which requires foreclosure of a mortgage before the institution of an action upon an accompanying bond. The plaintiff's second mortgage was wiped out by the foreclosure of the first mortgage embracing the same premises, and under these circumstances it was unnecessary for the plaintiff to first foreclose her mortgage before proceeding upon the bond. The statute has no application to such a situation where the plaintiff was a party defendant to the action to foreclose the prior mortgage. *McCall* v. *Yard,* 9 *N. J. Eq.* 358; *Seigman* v. *Streeter,* 64 *N. J. L.* 169; 44 *Atl. Rep.* 888; *Echikson* v. *Zalenski,* 106 *N. J. L.* 508; 150 *Atl. Rep.* 335, and the cases therein cited. As a result of the foreclosure of the first mortgage, the plaintiff held her bond unsecured by collateral. This defense is frivolous and will be stricken out.

The sixth and last defense is that the defendants are entitled to the benefit of an act which permits the court to determine the amount due on the bond and mortgage by deducting from the mortgage debt the fair value of the premises at the date of the sheriff's sale. I assume that this defense is predicated upon the amendment to the act of 1880 by chapter 82 of the laws of 1933. If so, this statute has been declared unconstitutional by Mr. Justice Parker in the unreported case of Lincoln Mortgage and Title Guaranty Co.

*v.* Brunton Piano Co., and I am bound by his decision. The result of these conclusions is that there is no valid defense to so much of the plaintiffs claim as is represented by the difference between $1,900 and the alleged payment of a bonus of $625 and interest in excess of the legal rate.

I will sign an order in accordance with these conclusions.