LEO JASION, BY HIS NEXT FRIEND, FRANK JASION, AND FRANK JASION, INDIVIDUALLY, PLAINTIFFS-RE-SPONDENTS, v. THE PREFERRED ACCIDENT INSUR-ANCE COMPANY OF NEW YORK, DEFENDANT-APPEL-LANT.

Submitted February 16, 1934—Decided May 4, 1934.

For the appellant, *Frank G. Turner.*

For the respondents, *Samuel D. Hoffman* (*Maxwell J. Hoffman,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This case presents an appeal from a judgment of the Supreme Court, Middlesex county, wherein summary judgment was entered in favor of the plaintiffs below and against the Preferred Accident Insurance Company of New York, the appellant here. The plaintiffs below had prevailed in a prior action against one Joseph Jasion for personal injuries and resultant damage sustained by reason of the negligent operation of an automobile truck by said Jasion, who was insured by the appellant insurance company. Having failed to obtain satisfaction of these judgments by an execution, suit was instituted against the insurer on the policy of insurance that had been issued by it to the judgment debtor, Joseph Jasion.

The complaint in the instant case alleged that the defendant below had issued a policy of automobile liability insurance to the assured in which it was agreed that during the term of the policy the insurance company would pay "all sums for which the assured shall become liable to pay as damages imposed upon him by law for bodily injury, * * * sustained by any person or persons if caused by the ownership, maintenance or use of any automobile disclosed in the declarations for the purposes therein stated;" that during the term of the policy, the assured, while using his automobile truck, became responsible for bodily injuries suffered by plaintiffs; that judgments totaling $7,500 were recovered against the assured; that execution was issued thereon and returned unsatisfied because of the insolvency of the said Jasion. An answer was filed by the defendant company which the plaintiffs below moved to strike out. An affidavit supporting the motion and a counter-affidavit supporting the answer were filed. The answer, found by the trial court to be insufficient to constitute a legal defense, was stricken out and summary judgment was entered as heretofore stated.

The answer consisted of a general denial, five separate defenses, and four objections in point of law to the complaint. The affidavit filed in support of this pleading does not sustain it in law or in fact. It was made up of some excerpts

from the testimony in the original case, calculated to support but one point of the answer, viz., that the operation and use of the auto truck, at the time the infant plaintiff was injured, was excluded from the protection of the contract of insurance.

There are fifteen grounds of appeal filed and argued. These, as far as their legal significance is concerned, may be grouped under four general headings, as follows:

(a) That it was error to strike the answer because issues of fact were involved.

(b) That the present suit was for two judgments, one for the infant plaintiff, the other in favor of his father for loss of services, and that it was error to consolidate these two sums into a judgment for one amount as in the case of the judgment under review.

(c) That Frank Jasion, father of the infant plaintiff, did not have a cause of action, since the policy in question only covered claims for bodily injuries and he suffered none, his judgment being for compensation for loss of services.

(d) That the contract of insurance did not cover the use in which the auto truck was engaged at the time of plaintiff's injuries, since plaintiff was a passenger and such use was, under the policy, excluded.

(a) As to the first ground of appeal, it is true that the answer of the defendant below did raise fact issues. It denied the allegations of the complaint; it disclaimed liability; it alleged failure to co-operate on the part of the assured, as called for by the policy, and other defenses of like character. Some of the defenses were frivolous on their face, others sham, and none of them received any mention in the affidavit filed to support the pleading.

The affidavit challenging the answer was not contradicted or rebutted by the answering affidavit and the pleading was properly struck, because there was no fact in dispute for the determination of a jury. To strike out a sham or frivolous answer does not usurp the right of a jury trial. The general denial and some of the separate defenses would unquestionably have entitled the appellant to have gone to the jury on

the whole case had they been supported under oath, but they were not supported and the trial court was justified in striking them out. *Cf. Eisele and King* v. *Raphael,* 90 *N. J. L.* 219; *Wittemann* v. *Giele et al.,* 99 *Id.* 478.

(b) The next point, that the consolidation of the two judgments in favor of the plaintiffs in the original common law action into one summary judgment here awarded, was error, is not available to the appellant as a ground of appeal. No objection to the complaint on that score was set up in the answer or raised at the argument of this matter in the court below and this court will not consider a question neither raised nor argued below unless it goes to the jurisdiction or involves public policy, which is not this case. *A. Makray, Inc.,* v. *McCullough,* 103 *N. J. L.* 346 (at *p.* 348); *Punk* v. *Botany Worsted Mills,* 105 *Id.* 647; 147 *Atl. Rep.* 458.

In passing, however, it should be observed that the complaint shows definitely the exact amount which had been awarded each plaintiff; that the several amounts are not disputed; that this court will apportion and has at times apportioned the fund to mete out justice between the parties. *Boniewsky* v. *Polish Home of Lodi,* 103 *N. J. L.* 323; *Beach Realty Co.* v. *Wildwood,* 105 *Id.* 317, 322. It is only where the claim is for unliquidated damages and a lump sum judgment is awarded several plaintiffs that such apportionment is not possible. *Wilson* v. *Deschner,* 11 *N. J. Mis. R.* 609, 611. The complaint in this case supports the judgment.

(c) The gist of the next point is that Frank Jasion, the father, was not injured; that the policy covers only damages for "bodily injuries;" that he suffered no bodily injuries and therefore had no damages that were compensable under this policy, and no cause of action as an individual. This is not available to the appellant as a ground of appeal because it was neither pleaded in the answer nor raised in the court below. *Punk* v. *Botany Worsted Mills, supra; A. Makray, Inc.,* v. *McCullough, supra.*

(d) Under the next and final ground of appeal it is urged that since the infant plaintiff was a passenger in the auto truck, which had been insured as a "commercial" vehicle, no liability for injuries received by him could attach under the

contract of insurance. The infant plaintiff unquestionably was an invitee. This is not disputed. An examination of the policy of insurance discloses the following pertinent paragraph:

"This policy shall exclude any obligation of the company * * * (e) Under agreement A, as respects bodily injuries to any passenger while any automobile, described in the declarations as "commercial," is used for passenger carrying purposes regardless of whether a consideration is charged for the carrying of such passenger."

Turning again to the affidavits in the case, it plainly appears that the automobile truck, at the time of the happening, was being used by the assured for the purpose of journeying to a neighboring farm to look at a cow which the assured and his wife contemplated purchasing, and that the invitation to the infant plaintiff to ride along on this journey was purely incidental to the business for which the journey was undertaken. These proofs before the court below supported the conclusion that the auto truck was not being used for *passenger carrying purposes* at the time but was being used for business purposes and under the proofs no other conclusion was tenable. In construing instruments of this character, words will not be tortured out of their usual and accepted meaning. We conclude therefore that this ground of appeal must fail. If the language of the policy (*supra*), admitted of any other than the construction which we have placed upon it, because of ambiguity, nevertheless, the policy "should be interpreted most strongly against the insurer." *Harris* v. *American Casualty*, 83 *N. J. L.* 641; *Weiss* v. *Union Indemnity Insurance Co.*, 107 *Id.* 348; *Lower* v. *Metropolitan Life Insurance*, 111 *Id.* 426 (at *p.* 434).

The judgment is therefore affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.