## GORDETSKY v. SHELL EASTERN PETROLEUM PRODUCTS, Inc.

### No. 6731.

Circuit Court of Appeals, Third Circuit.

Feb. 10, 1939.

---

Klein & Klein, of Newark, N. J. (Emil Klein, of Newark, N. J., of counsel), for appellant.

Pitney, Hardin & Skinner, of Newark, N. J. (Corwin Howell and Morris P. Skinner, both of Newark, N. J., of counsel), for appellee.

Before MARIS and CLARK, Circuit Judges, and KALODNER, District Judge.

KALODNER, District Judge.

The plaintiff has appealed from the action of the court below in granting defendant's motion to strike his complaint for sham, and also from the dismissal of the action and the entry of judgment in favor of the defendant.

Plaintiff filed his complaint in an action of malicious prosecution, grounded on his arrest pursuant to complaint of defendant's agents, and the ignoring of the bill of indictment by the grand jury.

The defendant filed a motion to strike the complaint on the ground that the same was sham, in that the defendant had probable cause. Defendant in support of his motion to strike filed affidavits averring probable cause. The plaintiff filed an answering affidavit.

The court below took testimony in support of the defendant's affidavits. Basing its conclusion that there was probable cause upon such testimony and the affidavits, the court granted the motion to strike the complaint as sham and dismissed the action.

The question involved is: Was it error for the trial court to strike the Plaintiff's complaint as sham?

Chapter 151 of the New Jersey Laws of 1928, R.S.N.J.1937, 2:27–124 et seq., which under the Conformity Act, 28 U.S.C.A. § 724, was applicable to the present action at the time it was before the court below, authorizes the striking out of a sham complaint. Under Rule 85 of the New Jersey Supreme Court the practice in such cases is the same as on a motion to strike out a sham defense. As to the latter, Rule 80 provides that "the answer may be struck out and judgment final may be entered upon motion and affidavits as hereinafter provided, unless the defendant, by affidavit or other proofs, shall show such facts as may be admitted, by the judge hearing the motion, sufficient to entitle him to defend." Under the New Jersey practice neither a complaint nor an answer is required to be verified in the first instance. It will therefore be seen that the purpose of a motion to strike for sham is to require the party against whom the motion is made to verify his pleading by a supporting affidavit controverting the facts sworn to by the moving party. This was clearly indicated by Chief Justice Brogan in Jasion v. Preferred Accident Insurance Company of New York, 113 N.J.L. 108, 172 A. 367, 369, as follows: "The affidavit challenging the answer was not contradicted or rebutted by the answering affidavit, and the pleading was properly stricken, because there was no fact in dispute for the determination of a jury. To strike out a sham or frivolous answer does not usurp the right of a jury trial. The general denial and some of the separate defenses would unquestionably have entitled the appellant to have gone to the jury on the whole case had they been supported under oath, but they were not supported, and the trial court was justified in striking them out. Cf. Eisele & King v. Raphael, 90 N.J.L. 219, 101 A. 200; Wittemann v. Giele et al., 99 N.J.L. 478, 123 A. 716."

In the case before us the defendant's affidavits and testimony offered in support of the motion tended to show that the prosecution was instituted in good faith and with probable cause. Plaintiff's answering affidavit directly controverted these facts, however, and specifically supported the allegations of the complaint that their prosecution was instituted maliciously and without probable cause. This was sufficient to defeat the motion to strike the complaint since it was not for the court on that motion to determine the veracity of the plaintiff's affidavit, but merely its sufficiency, if true, to support his complaint. By proceeding to determine the validity of the defense of good faith and probable cause the court assumed a power it did not possess. The plaintiff having verified his complaint

is entitled to have those defenses passed upon by a jury at the trial of the case.

For the reasons stated, the order of the learned court below striking the plaintiff's complaint, dismissing his cause of action, and entering final judgment in favor of the defendant, is reversed and the cause remanded.