11 N.J. Super. 55 (1950)
77 A.2d 513
SYDNEY G. STEIKER, ET AL., PLAINTIFF,
v.
PHILADELPHIA NATIONAL INSURANCE COMPANY, A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 6, 1950.
*56 Mr. Archibald Kreiger, attorney for the plaintiffs.
Messrs. Lum, Fairlie & Foster, Mr. John S. Foster, appearing, attorneys for the defendant.
MacLEOD, J.C.C.
This matter comes before the court, pursuant to Rule 3:38-1, waiving a jury trial, and stipulation of submission concerning the facts, and a determination of the law as it applies to those facts.
This is a suit to recover damages as the result of a fire loss, occurring on October 27, 1948, sustained by the plaintiffs under two contracts of insurance numbered A-161 and A-162 issued by the defendant.
It is admitted that on October 27, 1948, a fire occurred at 75 River Street, Paterson, New Jersey, and personal property owned by the plaintiffs was destroyed and damaged. It is also admitted that there was in force and effect at the time of said fire two policies of insurance issued by the defendant and that if the plaintiffs are entitled to recover, the verdict should be $25,000 with interest from December 27, 1948.
It is further agreed that the depositions of plaintiffs and witnesses and answers to interrogatories given by the plaintiffs to questions propounded by defendant are to be considered as evidence in this case, where relevant.
*57 The defendant contends that from the facts submitted there was no coverage for this loss, pursuant to the terms of the two contracts of insurance. It charges that the policies do not cover:
"2. (a) Automobiles while in any building or premises occupied by the insured as a factory or assembly plant and * * *
"10. Except where specifically stated to the contrary, the word `automobile' wherever used in this policy shall mean the motor vehicle, trailer or semi-trailer described in this policy. The word `automobile' shall also include its equipment and other equipment permanently attached thereto, * * *."
The defendant argues that the insured premises at the time of the fire was an assembly plant, and further states that the chattels damaged or destroyed were not automobiles, its equipment and other equipment permanently attached thereto.
In determining the first point raised, my examination of the proof submitted pursuant to the stipulation, reveals that the plaintiffs carry on a very extensive business, dealing in pleasure cars, motor trucks and auto truck equipment, covering many locations in Paterson and the immediate area. The insured premises (75 River Street, Paterson, New Jersey) was used for mounting truck bodies, storage, display of motorcycles and truck equipment with woodworking machinery located in the rear. Other buildings owned by the plaintiffs, which adjoined the insured premises involved in this suit, were used generally for storage and display of trailers, trucks, truck equipment, general offices, garage and service station for body and fender work.
The policies in question cover many locations owned by the plaintiffs and the loss liability of the defendant is limited to specific amounts at each location.
The evidence also shows that the plaintiffs purchased new and used motor trucks chassis, which were stored in different locations owned by the plaintiffs. At the same time or immediately thereafter, prefabricated wooden and metal bodies, specifically adapted to the truck chassis, would be purchased *58 and allocated to that particular truck. In other words, the plaintiffs owned a particular truck chassis with a specific prefabricated body ready to be attached in the event of sale. The plaintiffs used this method of operation so that they could save space and prevent theft of parts and equipment.
The words "assembly plant" must be taken and understood in their plain, ordinary and popular sense. The mere attachment of a prefabricated body to a truck chassis was never intended to mean "assembly plant." Neither counsel for plaintiffs or defendant have submitted any decision in this State or elsewhere construing the words "assembly plant."
I have carefully considered the evidence submitted for the purpose of determining whether the premises in question can be considered an "assembly plant" within the meaning of the policies. The activity of the plaintiffs does not lend to this interpretation.
The activities of the plaintiffs in placing a truck body on a chassis were incidental to their business. They were interested in selling trucks as a unit and in so doing they stored the truck body in one place and the chassis in another. When a sale was made the allocated body was mounted to the chassis so that the purchaser received a completed automobile truck.
This court must adopt the view that the activities performed by the plaintiffs were never intended to include the premises in question as an "assembly plant." It, therefore, follows that the plaintiffs do not come within the exclusive clause as stipulated under paragraph 7(a) of the stipulation of submission.
I find that 75 River Street, Paterson, New Jersey, was not used as an assembly plant.
The second and final point for determination is as follows: "7(b) Do the items for which the plaintiffs now make claim, when not physically attached to a chassis at the time of the fire come within the term `automobile' as that term is defined in the policies?"
The defendant denies liability on this question. It argues that the word "automobile" as defined in the policies was *59 intended to mean equipment physically attached thereto. The equipment involved in this loss was not physically attached and therefore it is not responsible.
The facts, as to this point, show that the items destroyed or damaged were motorcycle tops and curtains, motorcycle panel bodies, prefabricated wooden panel bodies for trucks, metal dump bodies, etc.
The uncontradicted evidence of the plaintiffs discloses that each particular piece of equipment destroyed or damaged was allocated to a particular automobile and became part of that automobile when it was sold, even though not physically attached. Certain items were removed from a chassis at the time of their purchase by the plaintiffs and stored at 75 River Street. At the time of sale by the plaintiffs, these items were then placed back on the chassis. Complete records were kept by the plaintiffs, disclosing what equipment belonged to each chassis and so earmarked. Schedules were made out for each particular truck and a marking with a tag was placed on a body, appropriating it for that particular chassis.
A careful reading of the stipulated exhibits fully discloses the operations of the plaintiffs in their method of allocation. While it is true that the equipment was not physically attached or annexed to the chassis, this court is of the opinion that "physical annexation to the chassis" was not required.
Plaintiffs apparently did not have the necessary space at River Street to store all the trucks with mounted bodies, nor did they desire to expose the completed units with bodies mounted and equipment attached on the open lots, for fear of theft. According to their method of operation, each item necessary for a completed automobile truck was ready for installation, whenever a sale was made.
There is nothing in the policies that require this court to read into them an intention of "physical attachment." A liberal and broad approach should be taken as to the words "Automobile shall also include its equipment and other equipment permanently attached thereto." Words will not be tortured out of their usual or accepted meaning Jasion v. *60 Preferred Accident Insurance Co. of N.Y., 113 N.J.L. 108 (E. & A. 1934).
The policies in question should be given a reasonable construction to effectuate the purpose and intent of the parties for which it was made. It is a familiar rule that where something in a policy needs to be construed, the language not being the language of the insured but the language of the insurer, a construction most advantageous to the insured, not doing violence to the wording will be adopted. Nickolopulos v. Equitable Life Assurance Society, 113 N.J.L. 450, 456 (E. & A. 1934).
The court, therefore, finds that the items damaged and destroyed were in each instance a part of a particular automobile, although not physically attached, so that the same constituted, within the meaning of the policies, "its equipment and other equipment permanently attached thereto."
In view of this finding it will not be necessary to determine the rights of the United States Trust Company of Paterson.
Judgment should, therefore, be entered in favor of the plaintiffs and against the defendant for the amount stipulated.
Submit a determination of facts and conclusion of law upon notice.